UTICA,
Aug. 1828.

Le Page
v.
McCrea.

---

## Le Page vs. McCrea.

Where one of two joint partners pays a debt of the partnership by compromise with the creditor, it is not competent to the creditor to keep the debt alive, and authorize the partner paying to enforce it by action against the other partner. The acceptance of other security, tho' for a less sum than the original debt, as a satisfaction for the whole debt, is a valid discharge on the ground of accord and satisfaction. An assignment of property by a firm consisting of two partners, containing a condition that it shall enure only to the benefit of such creditors as shall agree to look to each of the partners for only a moiety of such balance as shall remain after a dividend of the property assigned, followed up by a covenant to that effect on the part of the creditors, does not produce a severance of the partnership, although in the instrument executed by the creditors there be a covenant on the part of the partners, that they will individually pay a moiety of such balance. To give effect to such covenant, the instrument must be executed by the partners. The non-joinder of parties defendants can be taken advantage of only by plea in abatement.

THIS was an action of assumpsit, tried at the New-York circuit in December, 1825, before the Hon. Ogden Edwards, one of the circuit judges. On the trial, the following facts appeared: The defendant and John Slidell, junior, previous to the 11th September, 1820, transacted business together as merchants, in the city of New-York, under the name of M'Crea & Slidell; and being indebted to a number of persons, and amongst others to the plaintiff, whose debt was $2727,96, they, on that day, made an assignment of their property to trustees, for the benefit of their creditors. The assignment contained a proviso, that no dividend should be made by the trustees to any of the creditors who did not, within one year, come in under the assignment and execute an agreement to accept the individual responsibility of each partner, for the one half of their respective balances, and to

UTICA,
Aug. 1828.

Le Page
v.
McCrea.

release each partner respectively for the other half. On the 14th October, 1820, such an instrument was executed by the plaintiff by his attorney, one Delonguemare, signifying his assent to be considered a creditor under the assignment, agreeing to accept the individual responsibility of each partner for one half of the debt due to him, and releasing him from the payment of the other half. It also contained a covenant on the part of M'Crea and Slidell, individually to take upon themselves each a moiety of the co-partnership debts, and pay the same ; and that they would not plead or set up their joint liability in any proceedings at law or equity, which any of their creditors, parties to the instrument, might commence against them. This instrument was executed by a number of the creditors besides the plaintiff; *but M'Crea & Slidell did not execute it.* On the 26th Sept. 1823, Slidell made an arrangement with Delonguemare, as the attorney of Le Page, in which it was agreed that Slidell should give Delonguemare the note of John Slidell & Co. for $1200, payable in 60 days, and that Delonguemare should substitute him as the attorney of Le Page, to recover from M'Crea & Slidell, or their assignees, the debt due to Le Page. The note was given, and Delonguemare gave a receipt to Slidell for the same, in which he engaged thus to substitute him on the note being paid ; and the receipt proceeded to state *that the note was given on a settlement between Delonguemare and Slidell of the claims of Le Page, by way of compromise* on the above mentioned terms, and under the deed of compromise of the 14th October, 1820. On the 8th of December, 1823, the note of John Slidell & Co. having been paid, Delonguemare executed the power of substitution. On the 25th October, 1825, John Slidell, junior, under that power, received from the assignees of M'Crea & Slidell, $1449 90, and now claimed to recover from M'Crea, as the assignee of Le Page, the balance of the *moiety* of the debt of Le Page, which, according to the deed of assignment of September, 1820, and the covenant of October, 1820, was to have been paid by M'Crea. It was shewn, on the part of the plaintiff, that M'Crea, on the 24th October, 1822, acknowledged his

liability to pay the moiety of Le Page's debt in an application he made to be discharged as an insolvent debtor; he, in his account of creditors, having stated that he was indebted to Le Page in the sum of $1150, being one half of the debt due him by M'Crea & Slidell, deducting his interest arising from the assignment made by them for the benefit of their creditors.

The judge charged the jury, that the action should have been brought against both M'Crea and Slidell, but that the defendant ought to have taken advantage of the objection by plea in abatement; that the discharge of one of two joint debtors was a discharge of both; that the receipt to Slidell was a complete acquital of all obligation on his part to the plaintiff, was an accord and satisfaction in law, and that as by law the discharge of one partner is a discharge of both, it enured as a discharge to the defendant. That it was contended by the counsel for the plaintiff, " that the assignment by M'Crea & Slidell to the trustees, and the agreement and release on the part of the creditors, was a severance of the joint responsibility of M'Crea & Slidell; and that such discharge to Slidell, therefore, did not enure to the benefit of the defendant, he being individually responsible for the one half of the original debt;" but that it was uncertain from the assignment in what manner the several liability was to be effected, whether the creditors were to accept the notes of each partner for the one half, or whether such individual responsibility was created by the instrument itself, and that it was immaterial which; for if they were to have received the individual notes or responsibilities of the defendant and Slidell respectively, then the joint debt remained until such responsibilities were given, and which had not yet been done; and there being no agreement for individual responsibility except what was contained in the assignment, which was under seal, an action of covenant only could be maintained. That the creditors had absolutely released M'Crea & Slidell from joint responsibility, without acquiring the individual responsibility of each of the co-partners, unless such individual responsibility was created by the assignment itself, which being under seal, covenant

only could be sustained, and that the plaintiff could not re-cover in the present form of action. That if the joint indebt-edness of M'Crea & Slidell continued, the release of Slidell operated as a release of both, and if there was a separate liability of each of the said late co-partners, it was created by an instrument under seal, and that the plaintiff had mistak-en his form of action. The plaintiff excepted to the charge. The jury found for the defendant, and the cause is now brought before the court on a case made for a new trial.

*P. W. Radcliff*, for plaintiff. By the assignment of Sep-tember, 1820, the joint liability of M'Crea & Slidell was de-stroyed, and a separate action given against each partner for the moiety of each debt by his express agreement. It was competent to the parties to make such an arrangement. The intent is clear and manifest; and when that is discover-ed, it must control the decision of the court. (5 *Cowen*, 170. 2 *Cowen*, 806.) If a severance was made, the discharge of Slidell cannot operate to the benefit of the defendant.

Assumpsit was the proper and only form of action. Cov-enant would not lie against the defendant on the deed of Oc-tober, 1820. He was not a party to it. It was in form a deed poll. To have warranted an action of covenant, the deed of October, 1820, must have been sealed by the party; and so it was holden in *Gale* v. *Nixons*, (6 *Cowen*, 445,) that though an instrument purports to contain a covenant on the part of A., if A. does not execute it, covenant will not lie, though assumpsit may be maintained, if there be a covenant on the other side. (See also 1 *Chitty*, 114, 348. 12 *Johns. R.* 197. 14 *Johns. R.* 207.) Much less would covenant lie on the assignment of September, 1820. There is nothing in it from which a covenant may be inferred, though there is enough from which a promise may be implied. (1 *Johns. R.* 34. 20 *Johns.* 340. 2 *Phil. Ev.* 87. 13 *East*, 249. 5 *Maule & Sel.* 65.) Besides, M'Crea subsequently admitted his separate liability, when he applied for his discharge as an insolvent debtor.

The arrangement between the attorney of Le Page and Slidell, cannot be considered an accord and satisfaction.

Such was not the intent. The payment of a less sum with-out a release is no satisfaction. A technical release under seal must have been given to Slidell to enable the, defendant to avail himself of it as a discharge. (7 *Johns. R.* 207. *Gow on Partnership,* 225 *to* 231.) The reason why a joint debtor is discharged by a release of his co-debtor is, that he cannot compel contribution. (20 *Johns. R.* 106.) The reason of the rule does not apply here. The defendant is called on for payment only of the balance of his moiety, which he had undertaken to pay individually, and for the payment of which he had no right to call for contribution.

*H. Maxwell* and *J. Duer,* for defendant. If the defendant is liable on his individual assumption, the plaintiff cannot recover under the common counts. He ought to have framed a special count, stating the circumstances and averring a performance of all that was required of him, as conditions precedent to the accruing of the defendant's liability.

The only count to which the evidence applied, was the *in-simul computasset,* and in support of this it was insufficient. The acknowledgment before the recorder was not obligatory, because not *mutual.* It was not a stating of accounts by both parties. The plaintiff was not bound by it. Where a party relies upon an admission, it must be definite and precise, not liable to be defeated or changed by contingencies, as in this case, by the amount to be received from the assignees.

The deed of October was not a compliance with the condition of the deed of September, that the creditor should discharge each partner from the payment of a moiety of the debt. It was an acquittance, but not a release. The debt was an entirety. An entire thing cannot be released as to a part. (5 *Bacon's Abr. tit. Release L. Shepherd's Touch. chap.* 19, *Release* 320, 323.)

The payment by Slidell of the note of John Slidell & Co. to the attorney of Le Page, and the aceptance of it, though for a less sum, was a satisfaction for the whole debt, and a valid discharge on the ground of accord and satisfaction. (20 *Johns. R.* 76.) The intent was to discharge both par-

ties.  The note was accepted on a settlement of the claims of Le Page, by way of compromise.  Can it be endured that one partner shall buy up a debt against a partnership at a discount, extinguish the demand of the creditor against the firm, and turn round and enforce the demand to its full amount against a partner?

*Slosson*, in reply.  By the deed of assignment and the acceptance by the creditor, the partnership was severed.  The creditor had a right to agree that his demand against McCrea and Slidell should no longer be a joint debt, and that he would look to each of the partners only for a moiety.  His agreement might have been pleaded in bar to a joint action against the partners, and he would have been estopped by his deed.

The creditor might bring his action against the partners separately.  The deeds of September and October did not create a new debt; they barely severed the debt which before existed.  There was no necessity for a special count.  The consideration existed previous to the severance, and though the right of action against the partners separately depended on a new agreement, that agreement being executed, the party might declare generally, and the acknowledgment of the debt was sufficient to support the general count.  Where there is a duty, the law will imply a promise.

If a severance was made, Slidell was as competent, and had as good a right as any other person, to purchase the demand of the plaintiff against the defendant.  The receipt to Slidell was not a release of the debt.  Every instrument is to be construed according to the intent of the parties, and where there are several instruments relating to the same transaction, they are to be viewed together in ascertaining such sense.  (1 *Johns. C.* 91.  15 *Johns. R.* 458.)  The power of substitution connected with the receipt, shews that it was not intended to release the debt.  It is admitted that the act of one partner must enure to the benefit of his copartner.  This is based on the broad principle that the *cestui que trust* shall not make an advantage out of him he represents; but the argument here is founded on a *petitio princi-*

*pii;* it is denied that here was a partnership. The partner-ship was dissolved, as between Slidell and the defendant, and the creditors who had come in under the assignment. Had Slidell paid the whole of Le Page's debt, he could not have enforced contribution against the defendant: his payment would have been *voluntary.*

*By the Court,* WOODWORTH, J. The plaintiff declared in assumpsit on the money counts. It appeared that the defendant and John Slidell, junior, were partners, and on the 11th September, 1820, made an assignment of their property to trustees, for the benefit of their creditors, containing a proviso, that the creditors within one year assent to come in under the assignment, and agree to accept the individual responsibility of each partner for one half of their demands, and release the other half, engaging to look to each partner for a moiety of their respective demands. In the assignment, the plaintiff's debt is stated at $2727 96.

The defendant proved, that on the 25th October, 1825, the trustees paid to Slidell $1449 90, on a dividend on plaintiff's debt. This appears to have been done under the following authority: On the 18th June, 1821, the plaintiff gave a letter of attorney to one Delonguemare, to receive all monies due from McCrea and Slidell, to give acquittances, to compromise, conduct suits, and make substitution, &c. On the 8th December, 1823, Delonguemare substituted Slidell as attorney in his place. It appeared, that on the 26th September, 1823, Delonguemare received from Slidell the note of John Slidell & Co. for $1200, at 60 days, to the order of John Slidell, junior, and gave a receipt, stating that when paid, Slidell was to be substituted for Delonguemare as the attorney of the plaintiff, to recover of McCrea and Slidell, or the trustees, the plaintiff's debt; it being understood, that on payment of the note, Slidell was entitled to recover and receive the debt from McCrea and Slidell to his own use, the note being given on a settlement by way of compromise.

On the 14th October, 1820, an instrument was executed by the creditors, including the plaintiff by his attorney De-

longuemare, reciting the assignment, and agreeing with Mc-Crea and Slidell to come in under the assignment, and accept the individual responsibility of each of the partners, for a moiety of their demands, after the final dividend of the estate by the trustees; and by the said instrument *released all their demands beyond a moiety.* It also contained a covenant that McCrea and Slidell, each for himself, and not jointly, should take upon themselves individually a moiety of the co-partnership debt, and to pay each the one half, and not to set up their joint liability in law or equity. This instrument was produced by the plaintiff, but it does not appear to have been executed by McCrea and Slidell, or either of them. It also appeared, that on the 24th October, 1822, the defendant presented a petition to the recorder, under the act for giving relief in cases of insolvency, in which the plaintiff's debt is stated at $1150, being one half of the debt due by McCrea and Slidell, deducting the plaintiff's interest arising from the assignment.

By the instrument bearing date October 14, 1820, the creditors agree to accept the individual responsibility of each partner. It was contemplated that each partner should become individually bound. In what manner they were to obligate themselves, and at what time, is not stated. Until the partners had given their individual security, it appears to me there was no severance, but the demands of the creditors were against McCrea and Slidell jointly. There is no evidence that they ever assumed the payment of a moiety individually. The creditors also release each of the partners of all their demand beyond a moiety. The intention appears to have been, that as to a moiety of the debts, the creditors were willing to accept whatever dividend might be made under the assignment, and for the residue look to the partners separately. The creditors only executed the instrument. I do not therefore perceive that an action could be maintained on this covenant against either of the partners. If they had executed the instrument, the proper action to recover a moiety would be on the covenant. Its execution by McCrea and Slidell would necessarily have merged the original con-

UTICA,
Aug. 1828.

Le Page
v.
McCrea.

tract. If, then, this action can be defended, it must be on other grounds.

It has been correctly said, that the non-joinder of all the parties, is matter for a plea in abatement. It remains, then, to decide the effect of the settlement made between Slidell and Delonguemare, the attorney for the plaintiff.

On the 26th September, 1823, a compromise takes place, and a receipt is given to Slidell for a note of $1200, which has been paid. It was given on the settlement of the claim of the plaintiff, by way of compromise; or, in other words, Delonguemare received $1200, as the full amount of the plaintiff's claim. It will be remembered that at this time the plaintiff's demand must have been against the partners jointly, for there had been no individual assumption of the debt. The receipt shows the inducement that Slidell had for making this arrangement: Slidell was to be substituted in the place of the plaintiff, and receive to his own use whatever could be collected of the debt, and accordingly on the 8th December, 1823, he was substituted by a power of attorney from Delonguemare, and by virtue of that power, on the 29th October, 1825, he received a dividend of $1449 90, and now seeks to recover in the name of the plaintiff, the moiety which was to have been received on the individual responsibility of the partners. This cannot be done. The acceptance of the note, and payment of it, was a good accord and satisfaction. Here the note of *third persons* (John Slidell & Co.) was given, accepted and paid; and although it be admitted that it was for a less sum than the debt, was nevertheless a valid discharge. The case of *Boyd & Suydam* v. *Hitchcock*, (20 *Johns. R.* 76,) fully supports this doctrine. The plaintiff, then, has received satisfaction, and discharged his debt. After this, it was not competent for him to authorize the partner paying, to keep the original demand alive, and enforce it by action in the plaintiff's name against the other partner.

The motion to set aside the verdict is denied.