UTICA,
August, 1829.

Booth
v.
Smith.

BOOTH vs. SMITH.

The acceptance in full satisfaction by a creditor of the note of a third person for the whole amount due on a previous note given by his debtor, is an extinguishment of the original consideration: and such acceptance may be plead in bar to a recovery on the original note.

DEMURRER to plea. The declaration is in *assumpsit.* The first count is on a due bill, made by the defendant to the plaintiff, for the sum of $400, dated 17th March, 1826, payable on demand. The declaration also contains the common money counts. The defendant to the first count pleaded, that before the commencement of the suit, to wit, on the 15th April, 1826, an account was stated between the plaintiff and defendant, of and concerning the money in the said first count mentioned; that the defendant was found in arrear, and indebted on account thereof in the sum of $270, for which sum, he then and there delivered to the plaintiff a promissory note, made by A. D. Jones, S. D. Jones and Andrew Jones, bearing date the 15th April, 1826, by which the makers promised to pay to him, the defendant, or bearer, one year after the date thereof, the sum of $270 with interest; that at the time of the delivery of the last mentioned note to the plaintiff, he, the defendant, endorsed the same and ordered the contents thereof to be paid to the plaintiff; that the plaintiff then and there accepted and received the said last mentioned note for and on account and in full satisfaction of the note in the first count of the declaration mentioned. By reason whereof, the makers of the note and he, the defendant, as the endorser thereof, then and there became and still are liable to pay the same, according to its tenor, concluding with a verification and prayer of judgment, &c. The plaintiff demurred, and the defendant joined in demurrer.

*J. B. Booth,* in pro. per. When a defendant gives his own note for a precedent debt, the plaintiff may declare upon the original consideration and recover upon it, provided the new note be produced at the trial and cancelled. (8 Cowen, 77. 15 Johns. R. 247.) The endorsement of the note of third persons, and the admission in the plea of the

defendant's liability to pay, in pursuance of his endorsement, is equivalent to the giving of a note for a precedent debt, and creates no rights or liabilities different from what would have been created by the giving of a note, This case is distinguishable from that of *Kearslake* v. *Morgan*, (5 T. R. 513,) in which there was no admission that the defendant was *still liable* to the plaintiff to pay the amount of the new note. Indeed the argument of Bailey, who supported the plea in that case mainly, proceeded on the ground that the note which had been endorsed might have been paid, or endorsed over, and the defendant subjected to an action at the suit of the endorsee. Not so here ; the note remains with the plaintiff and the defendant admits his liability to pay. How then is this case distinguishable from that of 8 Cowen ? Nor is this case like that of *Boyd & Suydam* v. *Hitchcock*, (20 Johns. R. 76.) There the plaintiffs were held precluded from recovering beyond the sum which they had agreed to accept in satisfaction of their demand. Here the plaintiff does not ask to recover beyond the amount of the new note, but contends that he may recover that amount under the old note by delivering up the new note to be cancelled.

*J. R. Van Duzer*, for defendant. Had the note of the defendant *alone* been given to the plaintiff in satisfaction of the amount found due, so that the extent or character of his responsibility would not have been changed, the plea would not have been good as in 8 Cowen, 77. Here, however, the defendant parted with a subsisting demand against *third persons*, which the plaintiff received *in full satisfaction*. Although accord and satisfaction may be given in evidence under the general issue, it may also be pleaded. (1 Chitty's Pl. 474, 5.) The cases of *Boyd & Suydam* v. *Hitchcock*, (20 Johns R. 76,) and *Le Page* v. *McCrea*, (1 Wendell, 164,) fully support the plea. The case of *Kearslake* v. *Morgan*, 5 T. R. 513,) is in all respects like it. The liability of the defendant admitted by the plea is that of endorser, which is a conditional responsibility.

UTICA,
August, 1829.

Booth
v.
Smith.

*By the Court,* SUTHERLAND, J. The plea is unquestionably good. It would have been good by way of accord and satisfaction, if no part of the original debt had been paid prior to the acceptance by the plaintiff of the last note. This was expressly decided in *Boyd & Suydam* v. *Hitchcock,* (20 Johns. R. 76.) It was there held that if a debtor gives his note endorsed by a third person *as further security* for a part of the debt, which is accepted by the creditor in full satisfaction, it is a valid discharge of the whole of the original debt ; and it may be pleaded in bar as an accord and satisfaction. (6 Cranch, 253.) The additional security required by the creditor for a part of his debt, is a good consideration for the relinquishment of the residue. (*Le Page* v. *McCrea,* 1 Wend. 172. *Kearslake* v. *Morgan,* 5 T. R. 513.) This doctrine is admitted in *Hughes* v. *Wheeler,* (8 Cowen, 79,) and the distinction is there adverted to between the note of *a third person* and that of the debtor himself given for the original debt. The latter, it is there held, cannot be pleaded in bar of the original cause of action ; but the plaintiff will not be permitted to recover on the original consideration, unless he produces the note upon the trial, or satisfactorily accounts for it. The authorities upon this point are all referred to in that case.

If the acceptance by the creditor of the note of a third person *for a part of the original debt* is a discharge of the whole, it must necessarily operate as an extinguishment of the original consideration, where such note is given for the *whole amount due,* and is accepted in full satisfaction of it. Although the defendant still remains liable, the character of his responsibility is changed. He has entered into a new contract with his creditor, who, upon an adequate consideration, (the obtaining the note of a third person as an additional security for his debt,) has agreed to look to the defendant as endorser only, and to relinquish all claim upon him in any other character. He cannot be charged upon the original consideration.

Judgment for defendant upon the demurrer, with leave to plaintiff to reply on payament of costs.