### CONKLING and others *vs.* KING.

The law is well established that the acceptance, by a creditor, of the note of a third person, in full satisfaction of an existing debt, is an extinguishment of the original indebtedness, though the note so taken is for a less sum than the whole debt.

Otherwise where the note of the debtor himself is taken.

Where the note of a third person is taken in full satisfaction of a debt, on condition that such note shall be paid at maturity, and not otherwise, if the note is not paid when due, the creditor may insist that the contract is broken, and claim the whole amount of the original debt.

But if the creditor waives the forfeiture, and retains the note, and finally receives the full amount of it from the maker, he can not afterwards proceed against the debtor, for the balance of the original demand.

A forfeiture, for non-payment at an appointed day, is waived by subsequently accepting a payment upon the demand.

THIS was an appeal by the defendants from a judgment of the Albany mayor's court. The suit was commenced in September, 1847, upon a book account. The declaration was in the usual form upon the common counts, and the plea the general issue, with notice of set-off. The cause was referred to D. Wright, Esq. as sole referee. It was admitted, on the hearing before the referee, that on the 17th day of May, 1840, there was due from the defendant to the plaintiffs the sum of $371,37,

Conkling *v.* King.

on account.  The following facts were found by the referee to have been proved, viz.: that on the said 17th of May, 1840, an agreement was made between the parties, by which the defendant agreed to pay the plaintiffs, and the plaintiffs agreed to accept, the sum of $85,69 in money, and a satisfactory note, payable on the 17th day of November, 1845, for $100, with interest, in full satisfaction and discharge of said indebtedness of $371,37, provided the *said note was paid at maturity, and not otherwise.*  That pursuant to this agreement the defendant paid the plaintiffs the $85,69 in money, and procured and delivered to the plaintiffs the promissory note of F. Holden for the sum of $100, payable to the plaintiffs' order, on the 17th day of November then next, with interest from the 17th day of May then last past.  Said $85,69 in money, and the note against Holden, were received and accepted by the plaintiffs, of the defendant, on said agreement of compromise, and were to be in full satisfaction and discharge of said indebtedness of $371,37, provided said note was paid at maturity, and not otherwise.  Holden paid the plaintiffs $63 on said note *in February*, 1846, and he paid the remainder thereof in full to the plaintiffs, and took up said note in May, 1846.  The plaintiffs received payment of said note in full, in the manner and at the times above stated.  The consideration of the note given by Holden to the plaintiffs was for leather sold by the defendant to Holden, for the purpose of procuring said note to deliver to the plaintiffs.

The following letters from the plaintiffs to the defendant were given in evidence:

"Albany, July 8th, 1845.

Mr. George B. King:

Dr. Sir.—Yours of June 25th was recd., with note for one hundred dollars and interest from the 17th of May last, due the 17th of Nov. next, dated June 13th, 1845, given by F. Holden. In case the said above mentioned note is paid at maturity, it shall be in full of all demands we have against you, and not otherwise.                    Yours respectfully,

D. Conkling & Co."

"Albany, April 8th, 1846.

Mr. G. B. King:

Dear Sir.—When you sent me the note for my demand against you, I sent you my receipt for the same, which was to be in full of my demand, providing the note was paid at maturity, and not otherwise. The note has not been paid, and I want to call your attention to it.

I want you to send me the money for the note without delay.

Yours respectfully,

GURDON CONKLING,

Per D. CONKLING & Co."

The present action was brought to recover of the defendant the balance of the original indebtedness, over and above the Holden note and the $85,69 paid by the defendant to the plaintiffs, at the time of making the compromise. The referee reported that there was due to the plaintiffs, from the defendant, the sum of $232,40, being the amount claimed, with interest. And judgment was entered in the mayor's court, for that sum, with costs.

*Wm. Barnes*, for the plaintiff.

*F. S. Edwards*, for the defendant.

*By the Court*, PARKER, J. I shall consider this case upon the facts as found by the referee, though I am not certain the evidence warranted the conclusion that it was a part of the original agreement for compromise that the $100 note should not be taken in satisfaction, unless it was paid at maturity. The evidence shows nothing of any such condition, previous to the plaintiffs' letter acknowledging the receipt of the note. By the facts found it appears that on the 17th of May, 1845, the defendant owed the plaintiffs $371,57, for goods sold and delivered. A compromise was agreed upon on that day, by which the plaintiffs were to have paid and secured to them 50 cents on a dollar, in satisfaction of such indebtedness. In pursuance of this agreement the defendant paid at that time $85,69, and

afterwards sent to the plaintiffs, in a letter which was received on the 8th of July, 1845, the promissory note of F. Holden for $100, payable on the 17th of November then next, with interest from the 17th of May of the same year. It was agreed by the parties that in case said note was paid at maturity, and not otherwise, it should be in full of all demands the plaintiffs had against the defendant. The note was not paid at maturity; but in February, 1846, Holden paid the plaintiffs, on the note, $63. In April, 1846, the plaintiffs wrote to the defendant asking immediate payment of the note, and in May, 1846, Holden paid the balance and took up the note. This suit was brought to recover on the original demand.

The law is well established that the acceptance, by a creditor, of the note of a third person, in full satisfaction of an existing debt, is an extinguishment of the original indebtedness, though the note so taken is for a less sum than the whole debt. (20 *John.* 76. 1 *Wend.* 172. 14 *Id.* 116. 21 *Id.* 450. 22 *Id.* 341. 5 *T. R.* 516.) The law is otherwise where the note of the debtor himself is taken. (8 *Cowen,* 79. 3 *Wend.* 68.)

In this case the agreement was, that the note of Holden should be taken in full satisfaction of the defendant's indebtedness, if paid at maturity, and not otherwise. It is claimed that the note not being paid at maturity, the plaintiffs may recover for the whole original indebtedness. There is no doubt the plaintiffs had a right to avail themselves of this condition. The note not having been paid at maturity, the plaintiffs might have insisted that the contract was broken, and might have claimed the whole. But had they a right to retain the note against Holden, to urge payment upon it, and after receiving the full amount of it to proceed then for the balance of the original demand against the defendant? I think they had not. The note against Holden was not left with the plaintiffs as collateral security. It was designed to be in satisfaction; and I think it was evidently the object of the parties, in making the condition, to protect the plaintiffs against the possibility of the note not being good. It could never have been intended that the delay of Holden for a few days, or longer, in paying the

note, should authorize the plaintiffs to receive not only the money due on the note, but also to collect the balance of the debt compromised.

By the agreement, non-payment at maturity would operate as a forfeiture. They had also the right to waive it; and I think their receiving a payment on the note after it was due, and subsequently asking and receiving payment of the balance due on the note, was a waiver of all claim of forfeiture on the score of time of payment. The cases are abundant to show that a forfeiture for non-payment at an appointed day, is waived by subsequent payment in full, whether it be on a lease, chattel mortgage, or other contract. (5 *Cowen,* 270. 1 *Denio,* 516. 3 *Id.* 33. 1 *Barb. Sup. C. Rep.* 114. 2 *Id.* 341. 5 *Id.* 339. 2 *Peters,* 96. 2 *Watts & Serg.* 88. 2 *Call,* 553. 5 *T. R.* 553.) So a condition precedent is waived by proceeding to fulfill the contract. (14 *Wend.* 219. 1 *Verm.* 44. 1 *Leigh's Nisi Prius,* 632. 1 *Conn. Rep.* 79.)

I think the principle recognized in these cases is applicable here, and that the judgment of the Albany mayor's court should be reversed with costs, and a new trial awarded.

Judgment reversed.

