By the Court. Bosworth, J.
No objection seems to have been taken before the referee, that the evidence given in the trial, was inadmissible under the pleadings. ■ Ho such position is taken in the points made by the respondent. The appeal should be determined, as it would be, if the pleadings were incontestably adapted to the facts as proved.
According to the facts proved, while the payee held these notes, and before the maturity of either of them, he accepted of the makers a note made by a third person, falling due before either of the notes in suit, in full payment and satisfaction of these notes. The note so received was paid.
The testimony given at the trial was explicit, that the note against Smith was accepted, “ in settlement and discharge of the notes in suit.”
The legal import of the receipt signed by Clark is, that he accepted the note against Smith, in satisfaction of the three notes in suit.
The receipt imports, that the defendants had become liable to pay these debts, and declares, that should they become able it was to be left to their honor to determine whether they would pay the same. It states, that the note against Smith is taken, in full, for notes of a larger amount, and it is so transferred and accepted, before either of the notes in question became due.
The acceptance, by the holder, from the maker of a note, of a note made by a third person, though for a less sum, in settlement of it, and in full for it, is a valid accord and satisfaction (Boyd v. Hitchcock, 20 J. R. 76; Le Page v. McCrea, 1 Wend. 164; Booth v. Smith, 3 Wend. 66; Frisbie v. Larned, 21 Wend. 450; Kellogg v. Richards, 14 Wend. 116).
The notes having been satisfied while in the hands of the payee, the plaintiff, who took them with full notice of all the facts and circumstances, has no equities superior to those of the payee.
On the merits, as the facts now appear, the report of the referee was erroneous.
But the pleadings do not allege a settlement and compromise of the notes. They aver nothing is due on them, but state no facts, from which such a conclusion can be drawn. They aver *419 that the defendants received no consideration for them. This fact is disproved; for it is proved that they were given for cigars.
The pleadings should be amended. The issues now formed, do not raise the question, whether there was an accord and satisfaction of the notes. If an agreement to abstain from prosecuting a criminal complaint formed part of the consideration of the settlement and compromise, the whole transaction may prove to be void.
The judgment appealed from must be reversed, and the report of the referee set aside, with liberty to the defendants to serve an amended answer in twenty days; the date of the issue to be unchanged.