## SUPREME COURT.

### DALE and others agt. FOWLER and others.

Where some of the creditors agreed in writing, with their debtors, to accept, in full satisfaction, the debtors' notes for forty cents on the dollar, payable in three and six months, and instead of the notes being given or tendered, the debtors made an assignment—*held*, that the debtors had waived the discount (sixty per cent.) and remitted themselves to their original indebtedness to those creditors.

*New-York Special Term*, 1855.

S. P. NASH, *for plaintiffs.*
JOHN NEWLAND, *for defendants.*

ROOSEVELT, Justice.    The composition made by the defendants with their creditors, was in effect, if not in express terms, conditional.    The creditors agreed, not to release absolutely and immediately, but to " accept in full satisfaction " the debtor's notes for forty cents on the dollar, payable, one half in three and the other half in six months.    They could not accept the notes unless they were tendered.    No tender was made, neither during the time the notes were to run, nor at any time. How, then, can the defendants, upon any principle, either of law or equity, claim to be released from sixty per cent. of the debt—a release, the right to which depended on their giving, at least, if not paying, the notes.    From some cause, which the subsequent assignment probably explains, they would seem (as

they had a right to do) to have abandoned the privilege granted to them by the agreement. Certain creditors, whose co-operation was deemed important, may have declined to come in, and have thereby rendered the proposed liberality of the others of no practical advantage. At all events, those who signed did so upon the implied, if not express, condition that the debtors, if they intended to avail themselves of the proffered bounty, were to do so within a reasonable time, by giving their notes, if not immediately, at least before the periods of payment expired. Not having done so, the defendants have waived the discount, and remitted themselves to their original indebtedness.

As to the assignment subsequently executed, it contained no stipulation for a discharge. On the contrary, it provided for an equal pro rata distribution of the assigned assets, and for the payment, if sufficient, of "*all* the debts and liabilities *in full.*" It was executed moreover before the notes, if given, would have become due—and is conclusive evidence, therefore, that the debtors had abandoned all idea of continuing their business, or of availing themselves of the plaintiffs' proffered liberality. They divested themselves by the act, of all means of paying the notes, if given.

The eighty dollars accepted under the assignment operated only as so much received on account; and judgment must accordingly be entered for the full balance of the original debt, with interest and costs. (*Good* agt. *Cheeseman*, 2 *Barn. & Adolphus*, 328; *Cranley* agt. *Hilliary*, 2 *Maule & Sel.* 120.)