Day v. Gardner.

DAVID B. DAY

*v.*

ANN GARDNER.

1. A *consideration*, sufficient to support a contract, may be defined to be either a benefit accruing to the promisor or a loss or disadvantage sustained by the promisee.

2. A promise by a creditor to forgive or relinquish part of his debt, on the payment of the other part in money, is without consideration and void.

3. But if a creditor agrees to relinquish a part of his debt on receiving a new or an additional security for the balance, or if he agrees to receive a chattel of less value than his debt, in satisfaction of his debt, his promise will have the support of a good consideration, and will be held to be valid.

.. 4. The payment of taxes, which are a lien on mortgaged premises, by a mortgagor, may be a good consideration for a promise by a mortgagee, holding a mortgage standing subsequent to the taxes, to relinquish part of his mortgage debt.

Day *v.* Gardner.

On final hearing on bill and answer and proofs taken before a master.

*Mr. J. W. Bissell,* for complainant.

*Mr. J. H. Potts,* for defendants.

VAN FLEET, V. C.

The bill in this case is filed to foreclose a mortgage made by the defendant to one Louisa D. Rollins, on the 23d of June, 1873, to secure the payment of $150. The complainant obtained title to the mortgage by assignment on the 11th of December, 1883. The defence is that the debt, which the mortgage secures, has been extinguished or relinquished. The following are the material facts: In January, 1880, Louisa D. Rollins held two mortgages against the defendant—the one in suit—and a prior one executed to her by the defendant, on the same premises, bearing date December 2d, 1872, and given to secure the payment of $750; both mortgages bore interest at the rate of seven per cent. per annum. The mortgaged premises are situate in Jersey City, and were, in January, 1880, subject, in addition to the two mortgages, to five years' back taxes. The defendant swears that, at the date last mentioned, Miss Rollins made an agreement with her by which it was stipulated that if she paid the taxes in arrear the mortgage debt should be reduced from $900 to $500, and the rate of interest from seven to six per cent. per annum. The defendant performed her part of the contract. She paid the taxes in arrear, and after January, 1880, Miss Rollins accepted semi-annual payments of interest, at the rate of six per cent., on $500, up to October, 1881. Just subsequent to the date last mentioned the defendant paid $100 of the principal of the debt, and after that, and up to the time the mortgages were assigned to the complainant, Miss Rollins accepted semi-annual payments of interest on $400. The complainant holds both mortgages. They were both assigned to him at the same time and by a single instrument.

The proofs make it entirely clear that the contract testified to

Day *v.* Gardner.

by the defendant was made, and that both parties abided by it and acted on it for nearly four years. The question in dispute is whether the contract has the support of a sufficient consideration to give it legal efficacy? The case, it will be observed, stands on an entirely different foundation from that on which the right to relief in *Irwin* v. *Johnson, 9 Stew. Eq. 347,* stood. There, as well as in the preceding cases, it was admitted that no contract existed, at least none having the support of a valuable consideration, but the right to relief or the ground of defence, in each, consisted simply in the fact that the creditor had made a declaration that he forgave, or intended to forgive his debt, while here a valid contract, founded on a good consideration, has been shown. Nor is the case at all akin to those in which a debtor, having paid part of his debt, under a promise from his creditor that he would forgive the balance, has nevertheless been held liable for the balance. It is agreed on all hands that such promises are void for want of consideration. The debtor, in paying, simply does what he ought to do, and the creditor, in receiving, gets nothing but what he is justly entitled to. The one suffers no detriment and the other receives no benefit, and therefore there is nothing in the transaction which the law can recognize as a consideration for the creditor's promise.

Now, while it is true that the payment of a part of a debt in money will not operate as a satisfaction of the whole debt, even when the creditor has agreed that a payment of part shall have that effect, yet the rule seems to be entirely different where the debtor gives something else than money in payment, with the understanding that such thing shall be accepted in full satisfaction. In *Coke on Littleton* it is said : " In the case of feoffment in mortgage, if the feoffer payeth to the feoffee a horse, or a cup of silver, or a ring of gold, or any such other thing, in full satisfaction of the money, and the other receiveth it, this is good enough, and as strong as if he had received the sum of money, though the horse or other thing were not of the twentieth part of the value of the sum of money, because the other hath accepted it in full satisfaction." *2 Co. Litt. tit. " Est. on Con."* §§ *344, 212a.* And so, too, " if the obligor pay a lesser sum, either

before the day, or at another place, than is limited by the condition, and the obligee or feoffee receiveth it, this is a good satisfaction." *Id. 212b.* And the reason why the acceptance of a horse or of a less sum of money than the whole debt, before the whole is due, is held to be a good discharge of the debt, in cases where the creditor has agreed that such should be its effect, is that it must be assumed that the creditor took the horse rather than the money, because he thought the horse would be more beneficial to him than the money, and so, too, that he accepted part of his debt, before the whole was due, because he thought part then would be more beneficial to him than the whole when the whole fell due. *Brooks* v. *White, 2 Metc. (Mass.) 283.*

A consideration, sufficient to support a contract, may be defined to be either a benefit accruing to the promisor or a loss or disadvantage sustained by the promisee. A consideration emanating from some injury or inconvenience to the one party, or from some benefit to the other, is a valuable consideration. *Conover* v. *Stillwell, 5 Vr. 54.* The doctrine is settled that a promise by a creditor to forgive or relinquish a part of his debt, provided a new or additional security is given for the balance, is valid. As, for example, if a creditor accept the note of his debtor, endorsed by a third person, for a less sum than his debt, with the understanding that the original debt shall thereby be discharged, the contract will be held to be valid, and the original debt discharged. And so, too, if a creditor accept the note of a third person, for a less sum than his whole debt, under a promise to his debtor to forgive or relinquish the balance, his promise will bind him, and his original debt will be treated as satisfied. *Boyd* v. *Hitchcock, 20 Johns. 76; Le Page* v. *McCrea, 1 Wend. 164; Booth* v. *Smith, 3 Wend. 66; Kellogg* v. *Richards, 14 Wend. 116; Perkins* v. *Lockwood, 100 Mass. 249.* The consideration in such cases, it will be observed, is duplicate in its character; in other words, it covers both branches of the definition of consideration—there is both inconvenience or loss to the debtor and benefit to the creditor. The debtor is put to the inconvenience of getting a surety, or suffers the loss of a note which he holds against his debtor, and the creditor gets the benefit of the promise of a third person.

· Nothing remains to be done, except to apply the principle just stated to the case in hand.   The taxes which the defendant paid, in pursuance of her contract, constituted liens against the mortgaged premises, and, although levied subsequent to the registration of the mortgages now held by the complainant, were prior in rank.   They are made so by express provision of the charter of Jersey City.   *P. L. of 1871 p. 1155 § 151 ; Hardenbergh* v. *Converse, 4 Stew. Eq. 500 ; Hand* v. *Startup, 11 Stew. Eq. 115.* The payment of the taxes, therefore, removed liens standing prior to the mortgages, and thus gave the mortgagee an additional or better security.   Her debt was made more secure.   A substantial benefit accrued to her from the payment of the taxes. But the complainant says the defendant, in paying the taxes, did nothing more than her duty—she was bound, as every other citizen is, to contribute her fair share towards the support of the government which protects her and her property, and so, in paying the taxes, she simply did that which her duty, as a good citizen, required her to do, and consequently suffered no loss, injury or disadvantage.   But this argument assumes a fact which does not exist, namely, that it was the duty of the defendant to pay the taxes in question.   They were not assessed against her, nor was she under the least personal liability for them. . They were assessed against the mortgaged premises in the name of her husband as owner.   He died in 1878; but whether he or she was, in fact, the owner, does not appear.   The mortgaged premises were liable for the taxes, but the defendant was not.   But if a personal liability had existed, the duty which such liability would have imposed would have been a duty to the government which was entitled to the taxes, and not to the mortgagee, and I am not prepared to say that, in such a condition of affairs, the collateral benefit resulting to a mortgagee from the payment of taxes, which were entitled to priority in payment over his mortgage, would not constitute a perfectly valid consideration for such a contract as that on which the defence in this case rests. In a case of this kind, any collateral benefit received by the creditor, which is entitled to be regarded as a technical legal consideration, will be held to be sufficient to support the contract.

*Booth* v. *White, 2 Metc. (Mass.) 283.* In my judgment, the contract on which the defence rests has the support of a valuable consideration.

The parties do not seem to have made any agreement as to the particular method in which the mortgage debt should be reduced —whether the whole of the $400 which was to be relinquished was to be deducted from the $750 mortgage, or the $150 mortgage was to be considered satisfied, and the other $250 of the $400 deducted from the $750 mortgage—but they simply agreed that the debt should be reduced from $900 to $500. This omission, however, creates no difficulty. The fact that an agreement was made is clear. It is also entirely plain that one of the most material provisions of the agreement was that the debt should be reduced from $900 to $500. There is no difficulty in giving effect to this part of the agreement. The proper and reasonable method to carry it into effect is to consider the $150 mortgage extinguished, and $250 of the $750 mortgage satisfied. This course gives the defendant the full benefit of her contract, and preserves to the complainant his first and strongest security.

The complainant stands before the court in the same position exactly that his assignor would have stood if she had brought this suit. He took the mortgage in suit, subject to all the defences which the defendant could have made against it in the hands of his assignor. *Woodruff* v. *Depue, 1 McCart. 168.*

Bill dismissed, with costs.