(64 Misc. Rep. 645.)

## PAGE et al. v. CARTON et al.

(City Court of New York, Trial Term. October, 1909.)

BANKRUPTCY (§ 387\*)—COMPOSITION—DEFAULT OF DEBTORS—RIGHTS OF CREDITORS.

A composition agreement between insolvent debtors, against whom a petition in bankruptcy has been filed and for whom a receiver has been appointed, and their creditors, on the execution of which the bankruptcy proceedings are dismissed, and under the terms of which the creditors agree to accept 40 per cent. of their claims, does not prevent actions on the original claims by the creditors, on the debtors' default in the payment of the notes given under the composition agreement.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 387.\*]

Action by Edward D. Page and others against Andrew B. Carton and others. Judgment for plaintiffs.

James, Schell & Elkus (Jos. M. Boskauer, of counsel), for plaintiffs. Gainsburg & Solomon (I. Gainsburg, of counsel), for defendants.

GREEN, J. This is an action to recover the sum of $1,785.13 for goods sold and delivered. The answer admits the sale and delivery, and sets forth as a defense to the action that certain proceedings were instituted in bankruptcy against the defendants, under and by virtue of which a receiver was appointed of their property; that thereafter a composition agreement was entered into between the defendants and all of their creditors; and that subsequently thereto, by mutual consent, and after the execution of the composition agreement, all proceedings in bankruptcy were dismissed, the receiver discharged, and the defendants' property returned to them. The provisions of the composition agreement are important in the issue involved in this action, and those pertinent thereto are as follows:

"We, the undersigned, creditors of Andrew B. Carton and Lawrence A. Carton, heretofore doing business under the firm name of A. B. Carton & Co., do hereby agree to and with each other to accept, for each and every dollar said firm owes or is indebted unto us, the sum of forty (40) per cent., the same to be received by us in full satisfaction, compromise, and discharge of our several and respective claims and demands against said firm, and which shall be paid to us as follows: Twenty (20) per cent. thereof in cash, and twenty (20) per cent. to be evidenced by the promissory notes of the said firm, payable within four months and eight months, respectively. \* \* \*"

The 20 per cent. cash payment was made, and notes for the remaining 20 per cent. were duly executed and delivered, pursuant to the terms of the composition agreement. At the maturity of the notes defendants defaulted in their agreement, and plaintiffs now sue upon the original claim for goods sold and delivered, giving credit to the defendants, as and for a payment on account, for the 20 per cent. received under the composition agreement. The defendants, however, insist that the plaintiffs are estopped from proceeding upon their original claim, having entered into the composition agreement, and having accepted the 20 per cent. cash and 20 per cent. notes, and claim that, even though the notes are unpaid, plaintiffs' recourse is as

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the amount of the notes unpaid, and that default in their payment did not revive the original debt. All the facts are conceded and the case was submitted to the court without a jury upon questions of law alone.

The composition agreement provides that the plaintiffs agree to accept for each dollar owed to them by the defendants the sum of 40 per cent., the same to be received in full discharge of their claim, and to be paid 20 per cent. in cash and 20 per cent. to be evidenced by the promissory notes of the defendants, payable within four and eight months, respectively. I am of the opinion that the proper interpretation of the language of this agreement declares the intention of the parties to be that, when the 40 per cent. of the amount of the claim is paid, then, and not otherwise, will there be a discharge of the original obligation caused by compliance with the terms of the composition agreement. I am unable to agree with the contention of counsel for the defendants that the giving of the notes for 20 per cent., as provided by the agreement, and the agreement of the 20 per cent. cash of itself wiped out the original claim and relegated plaintiffs to their action on the composition. Had the defendants complied in all respects with the terms and provisions of the composition, there is no question but that plaintiffs' rights and remedies would be confined to those arising within such composition agreement, and not otherwise, and that they could not sue upon the original contract. The notes for 20 per cent. under the composition agreement were not accepted as payment. Those notes were simply given as evidence of the intention to pay the remaining 20 per cent. in cash within four and eight months, respectively; for the agreement provides that the plaintiffs agreed to take 40 per cent. of the debt, to be received in full discharge of the debt and to be paid as described in the agreement. The only method of which I am aware of paying a debt is by paying it, or releasing or satisfying the claim, or by an accord and satisfaction, or by novation; and it would create a novel situation if a debtor were able to execute his note and present it to the creditor, default in payment, and then, in answer to the creditor's claim, say the claim is paid by my notes, even though the notes were worthless.

This method of relief from the payment of debt suggested by defendants' contention savors of Micawber in Dickens' David Copperfield, who, when pressed by his creditors, with lavish hand gave his multifarious worthless notes of hand, and then gleefully exclaimed: "Thank goodness, that is paid!" The notes given by the defendants herein were their own unindorsed notes, and the law of this state has been for many years well settled that where debtors fail to carry out the terms and provisions of a composition agreement the original debt is revived. Dale v. Fowler, 12 How. Prac. 462; Matter of Reiman, 13 N. B. R. 128, Fed. Cas. No. 11,675; Matter of Leipziger, 18 N. B. R. 264, 8 Daly, 78; Ransom v. Geer (C. C.) 12 Fed. 607. In the case of Conkling v. King, 10 Barb. 375, the court said:

"The law is well established that the acceptance, by a creditor, of the note of a third person, in full satisfaction of an existing debt, is an extinguishment of the original indebtedness, though the note so taken is for a less sum than the whole debt"—citing Boyd v. Hitchcock, 20 Johns. 76, 11 Am. Dec. 247; Le

Page v. McCrea, 1 Wend. 172, 19 Am. Dec. 469; Kellogg v. Richards, 14 Wend. 116; Frisbie v. Larned, 21 Wend. 450; Evans v. Wells, 22 Wend. 341; 5 Term R. 516.

"The law is otherwise where the note of the debtor himself is taken." Hughes v. Wheeler, 8 Cow. 79; Booth v. Smith, 3 Wend. 68.

I have examined carefully the voluminous brief of defendants' counsel and each and every case therein cited, and I regret to be compelled to state that not a single case cited bears upon the point involved in the case at bar. The cases cited, however, sustain the well-known proposition that when debtors conform in all respects to the composition agreement, and comply with all the provisions thereof, if entered into with good faith by all the parties, the debtors are discharged from the original debt, and the statement contained in defendants' brief, that "all the defendants were called upon to perform, in order to effectuate the agreement, was to pay the cash and deliver the notes. The agreement having been carried out by the defendants, it operates as a release to them of the original debt"—and citing immediately thereunder a case in the Court of Appeals which absolutely fails to sustain the proposition, is manifestly unfair to the court.

The disposition I am about to make of this case, upon the conceded facts, obviates the necessity of passing upon the report of William Allen, Esq., special master of the United States District Court, Southern District of New York, and the order duly made and entered thereon, upon the theory of res adjudicata, and the same are excluded.

Counsel for the defendants advert to the fact in their brief that the notes given by the defendants under the compromise agreement and unpaid were not tendered in court, nor surrendered to the defendant, notwithstanding the fact that the notes were filed with the court for surrender. There is no doubt that such note must be surrendered or tendered upon the trial (Booth v. Smith, 3 Wend. 68); but, if any question is to be raised upon that point, I will reopen the case for the purpose of permitting that to be done, as I do not propose to have a technical objection interfere with nor jeopardize the rights of any litigant, if in my power to prevent.

After an examination of the facts and the law in this case, I am of the opinion that, defendants having failed to make payment of the notes given under the composition agreement, the original debt is revived. The defendants are entitled to credit upon the original claim for the amount of the 20 per cent. paid cash, and the plaintiffs are entitled to judgment for $1,785.13, with interest. Let judgment be entered accordingly.

Judgment accordingly.