### FRISBIE & M'KINNEY *vs.* LARNED & CORNING.

The acceptance of the *note* of a third person from one of the members of a *firm,* endorsed by him, together with the payment of the *balance* of the account against the firm in *cash,* is an accord and satisfaction of the demand against the firm ; there being no agreement that such note was received merely as *collateral security.*

So a *judgment* confessed by one of the partners for the debt of the firm is a satisfaction.

THIS was an action of *assumpsit,* tried at the Rensselaer circuit, in September, 1838, before the Hon. JOHN P. CUSHMAN, one of the circuit judges.

In October, 1835, the plaintiffs sold goods to the defendants, who were in partnership as merchants, to the amount of $149 67. In the spring of 1836, the partnership of the defendants was dissolved, M'Kinney agreeing to pay the partnership debts. In October, 1836, M'Kinney transferred to the plaintiffs a note made by one Williams for $1 36, and paid them $9 89 in cash, which note and cash were credited on the books of the plaintiffs, and the account against the firm balanced. The note of Williams was *endorsed* by M'Kinney; it was payable in six months, and when it became due it was protested, and notice given to the endorser. Subsequently to this event, M'Kinney contracted a further debt with the plaintiffs, and in October, 1837, executed a bond and warrant of attorney to confess judgment to the plaintiffs for the amount of Williams' note and his new indebtedness, on which judgment was entered. No execution, however, had been issued on the judgment, nor had any part of it been paid. The counsel for the defendants insisted that the plaintiffs were not entitled to recover in this action, because, 1. The acceptance of the note of Williams, under the circumstances of the case, was a bar to a recovery; and 2. That the taking of the bond and warrant and the entry of the judgment was also a bar. The judge overruled the objections, and *directed* the jury to find a verdict for the plaintiffs for the amount of the account against the firm with the interest thereof. The jury found accordingly, *subject to the opinion of this court* on a case to be made.

*N. Hill, jun.* for the plaintiffs.

*A. C. Hand,* for the defendants.

*By the Court,* Cowen, J. Williams' note, endorsed by M'Kinney, was received as payment. This is evident, from its being credited on the books, with the small sum of money paid at the same time, and the balance struck by the book. *Prima facie,* here was an accord and satisfaction. *New York State Bank* v. *Fletcher,* 5 Wendell, 85. *Booth* v. *Smith,* 3 id. 66. The reason why, in *Smith* v.

*Rogers*, 17 Johns. R. 340, the new note was not allowed as payment, in a case much like this, was, because the receipt of the note declared that *when paid*, it was to be credited. In the case at bar it was absolutely credited at the time.

The case is different from that where a party gives his own note for his own debt, which is receipted as in full. There, on default of payment, the creditor has his election to go back to the original cause of action, on surrendering the note to be cancelled. *Toby* v. *Barber*, 5 Johns. R. 68. *Schermerhorn* v. *Loines*, 7 id. 311. *Putnam* v. *Lewis*, 8 id. 389. *Burdick* v. *Green*, 15 id. 247. *Porter* v. *Talcott*, 1 Cowen, 359. *Muldon* v. *Whitlock*, 1 id. 290. *Raymond* v. *Merchant*, 3 id. 137. *Holmes* v. *D'Camp*, 1 Johns. R. 34. *Hughes* v. *Wheeler*, 8 Cowen, 77. The note, in such case, is not even *prima facie* satisfaction. But it is otherwise of a note against a third person, transferred by the debtor, or a note procured from a third person as surety, and accepted as satisfaction. This is apparent from the two cases already referred to in 3 and 5 Wendell. *Kearslake* v. *Morgan*, 5 T. R. 513, is a strong case to the same point. The following cases also go to support the same view : *Rew* v. *Barber*, 3 Cowen, 272, 280 ; *Whitbeck* v. *Van Ness*, 11 Johns. R. 409; *Everett* v. *Collins*, 2 Campb. 515; *Camidge* v. *Allenby*, 6 Barn. & Cress. 373; Sutherland J. in *Hughes* v. *Wheeler*, 8 Cowen, 79, 80; *Wiseman* v. *Lyman*, 7 Mass. R. 286, 290. I admit there is some confusion in the two classes of cases; especially in the reasoning by which some of them are sustained. The result of direct adjudication, however, is to treat the note of the debtor or his agent, as no farther affecting the original debt, than to fix the term of payment; and whether given simultaneously with the original contract, or afterwards; whether agreed to be taken as a satisfaction or not, it may be disregarded, and on cancellation, the original consideration be resorted to, if the note be not paid according to its terms. *Bill* v. *Porter*, 9 Conn. R. 23, 30, 31. In both cases, however, whether at the time or after the original debt was created, if security additional to the

debtor's be required and taken, especially where a note of a third person is transferred by the debtor to and taken by the creditor, and credit is given for it as a payment, the effect is the same as the acceptance of a horse or other chattel on the same terms. If the note be endorsed, the debtor must be charged as endorser. If not, he is not chargeable at all ; as he would not be for the goodness of the horse if he has not warranted him. So, in both cases, he is chargeable if he be guilty of any fraud. The simple contract of sale, or claim on one side, and a promise to pay by the vendee or debtor, is departed from. A new and distinct contract is made, and new relations arise out of it. True the security may still be collateral ; but independent of proof affirmative that this is so, I think the intendment should be that the security was received in satisfaction. It is not necessary, however, to go so far in this case ; for here is express proof that the note was intended to operate as a satisfaction ; there was an endorsement credited as in full, and afterwards extinguished by a bond and judgment. This case seems to me to furnish quite as strong evidence of payment as *Arnold* v. *Camp*, 12 Johns. R. 409, which was a case of taking the note of one partner and giving up that of both. See also *Le Page* v. *M'Crea*, 1 Wendell, 164.

Above all, the evidence is quite too strong for the presiding judge to say, as he did virtually in this case, that there was not evidence even to go to the jury. *Johnson* v. *Weed*, 9 Johns. R. 310.

But a bond and warrant were taken for the precise debt, together with another debt, from one of the original debtors. These were either for M'Kinney's new liability as endorser, which would be farther evidence that Williams' note was intended as payment ; or it was for the original debt ; and then the bond itself being a security of a higher nature, extinguished that debt. *Tom* v. *Goodrich*, 1 Johns. R. 213. *Clement* v. *Brush*, 3 Johns. Cas. 181.

The reason why, in *Day* v. *Leal*, 14 Johns. R. 404, the bond was not allowed so to operate, was, because the parties agreed that it should stand *as collateral security* only at least this intent was supposed plainly to be collectable

from the whole transaction.  *Prima facie* and unexplained, a security of a higher nature extinguishes a debt of an inferior degree.   To meet that inference, it must be shown that the parties agreed to waive the legal consequence, either expressly or virtually.

Judgment for the defendants.