LOUIS HEIDENHEIMER and others *v.* HENRY LYON and ISAAC
BUSH, sued as JOHN DOE.

Where a return from the Marine Court certified that the defendant did not appear
in the cause; that no pleadings were put in, and that the justice received a state-
ment of facts from the attorneys of the respective parties, whereon he rendered
judgment, without examining any witnesses; *held,* that the judgment could not
be sustained.

*It seems,* that where a process, in the Marine or District Courts, is issued against
a defendant by a fictitious name, and is returned served by copy; it must ap-
pear that the summons was left at the residence or place of business of the per-
son whose real name may afterwards be inserted as defendant, in case he does
not appear on the return day.

In the absence of fraud, the note of a third person, received by a creditor in pay-

Heidenheimer *v.* Lyon.

ment of a note of his debtor, discharges the latter, although, at the time of the transaction, such third person, without the knowledge of the parties, is insolvent and has absconded.

APPEAL by the defendants from a judgment of the Marine Court, rendered under the circumstances stated in the opinion.

*Jacob I. Radcliff* and *D. P. Whedon,* for the appellants.

*P. J. Joachimssen,* for the respondent.

BY THE COURT. INGRAHAM, FIRST J.—It is extremely difficult to review a case on an appeal which is brought before the court in the manner of the present. There are no pleadings in the cause, so that we are ignorant of the plaintiff's claim, whether trover or assumpsit; whether for the debt or the note. The action was brought against Lyon and John Doe, and the judgment appears to be against Lyon and Bush, and the justice returns that he cannot say whether the plaintiff moved to amend the summons or not. It appears by the return that the defendants did not appear on the return of the summons, and yet it is stated that the parties, by their attorney, submitted a statement of facts. How it could be submitted by a defendant who did not appear in the case is not stated. It further appears that the case was decided upon such statement, without the examination of witnesses and without the appearance of the defendants.

It also appears that a summons was served upon John Doe, by copy, and that in some way Bush, without appearance on his part, was substituted in his place; and, lastly, that all the papers in the case have been taken from the files of the court without the knowledge of the justice.

Under such a state of facts, I see no way in which the judgment can be sustained. The substitution of Bush as defendant without his appearance and without proof of the service of a summons against John Doe upon him, either personally or by leaving it at his residence or place of business, would not warrant a judgment against him. Nor could any statement of facts submitted to the court by the parties be received in evidence

against the defendants unless signed by them, which is not pretended, or unless assented to by their attorney, which could not be done where the defendants did not appear, and could therefore have no attorney in the action.

The statement of facts upon which the court below decided the case, shows that the plaintiffs held the defendants' note, and that the defendants proposed to exchange for their note that of one Neufelder, which the defendants then held, which was agreed to by the plaintiff; that he thereupon delivered to the defendants their note and received in exchange therefor the note of Neufelder, and paid to the defendants the difference in the amount of the notes. On the day before the exchange, Neufelder had become insolvent and absconded, and his property was seized by the sheriff. Neither of the parties knew of Neufelder's situation at the time of the exchange, but both believed him to be solvent.

After the plaintiffs discovered the failure of Neufelder, they offered back to the defendants Neufelder's note and demanded the return of the defendants' note, which being refused, this action was brought.

Under this statement of facts there could be no ground for saying that the contract was fraudulent, and therefore void. Any supposition of that kind is destroyed by the statement that the defendant had no knowledge of the situation of Neufelder, but believed him to be solvent. Nor can it be said that the exchange was void for want of consideration. Whether the defendant was solvent or not does not appear. If not, one note was as good as the other. At any rate the note, although that of an insolvent maker, was not so utterly worthless as to form no consideration; and if it was of any value, even though trifling in amount, it would form a good consideration for a contract. It is not like the case of paying for goods purchased in bills of a broken bank. In such cases such bills are passed as money and received as such (*Ontario Bk.* v. *Lightbody*, 13 Wend. 101), upon the understanding that money shall be good at the time of payment.

It must also be conceded that upon a sale of goods or any

other property for which a note of a third party is received in payment, the purchaser does not guarantee the payment of the note unless he puts his name upon it. Numerous cases may be cited to this point, but it must clearly appear that the paper was taken absolutely as payment (9 J. R. 311; 11 J. R. 409; 1 Salk. 124; 1 Ld. Raym. 442; 15 East, 12; 1 Sand. S. C. R. 9; 21 Wend. 450). Unless it so appear that the note was received in payment, then a different rule might, under certain circumstances, prevail.

In this case, however, there is no doubt upon the point, because the statement of facts admits that the plaintiffs received the note of Neufelder in lieu of the defendant's note and in payment therefor. Within all the cases this was a discharge of the defendants, and the plaintiffs assumed the risk of payments.

The only point of difference from the other cases above cited is, that the maker of the note was insolvent and had failed at the time of the exchange of the notes, although that fact was not known to either of the parties at the time the negotiation took place.

If the same rule is applied to such a case as exists in regard to bills of a bank that has failed, the plaintiffs would be entitled to recover; but that rule, as I have before stated, is founded on the supposition that bank bills are received and passed as money, which would not apply to promissory notes. A maker of a note may be at the time insolvent and yet have an estate which ultimately will pay all his debts; and it is difficult to adopt such a rule in regard to promissory notes which would not interfere with the whole course of decisions relative to the effect of a payment by a note of a third person, as distinguished from that of the original debtor. In both cases, however, a distinction exists where the note is received on account of an antecedent debt. Where the note of the debtor is so received, it in no event discharges the original debt, unless it is paid or passed away by the creditor; and where the note of a third person is so received, it only operates to discharge the debtor, when it clearly appears to have been taken in payment (13 Wend. 105); but where, as in this case, no fraud is chargeable

to the defendant; where he conceals nothing known to himself in regard to the note; where the note is received in full payment of the defendant's note, and such note is deliverd up, the insolvency of the maker of the note, although existing at the time of the payment, does not avoid the contract.

Upon both grounds the judgment should be reversed.

Judgment reversed.