By the Court. Bosworth, J.
The delivery, by Jas. B. Townsend, of a note made by him, for $12,000, payable 12 months from its date, for the amount of the two notes in suit, with a mortgage to secure the payment of it, and the acceptance by the plaintiff of such note and mortgage, merely as collateral security for the payment of the two notes in suit, did not operate jper se to suspend all right of action against Townsend, upon the two notes, until the maturity of the $12,000 note.
Unless they were accepted upon an agreement, to extend the time of payment of the two notes to Jas, B. Townsend, until the *416 new note matured, or for some other period of time, it was in the power of the plaintiff to sue him, at any time, on returning the new note and mortgage; perhaps such a surrender would not be necessary. (Hughes v. Wheeler, 8 Cowen, 77; Frisbe v. Larned, 21 Wend. 450-453; Day v. Leal, 14 J. R. 404; Gahn v. Niemcewicz, 11 Wend. 320-321.)
The rule seems to be settled, that taking the note of the debtor, or a transfer of property from him, merely as collateral security, without any agreement to extend the time of payment of the original debt, does not operate to suspend the remedy against the principal upon the original debt, or against his surety. (Twopenny & Boys v. Young, 3 Barn. & Cres. 208.)
This case and the rule which it declared, and other cases holding the same doctrine, were cited, and the rule itself was declared as absolutely in Gahn v. Niemcewicz, as we have stated it. See Hubbell & Curran v. Carpenter, 1 Seld. 171; Pitts v. Congdon, 2 Coms. 352; Bangs v. Strong, 7 Hill, 250.
The defendants, regarded merely as sureties, on paying the two notes, might be entitled to an assignment of the collateral security.
Whether they or the plaintiff, as a condition to their right to recover against J. B.-Townsend on his original liability, before the collateral note matured, would be obliged to surrender the collateral note and mortgage, is a question, which does not now arise. I think they would not. The whole effect of taking the new note at 12 months, if taken merely as collateral security, would be this. The mortgage could not be foreclosed until that note fell due. The effect is the same, as if only a mortgage had been given at 12 months, and had been given and taken as fur-, ther security, without any agreement to extend the time of payment of the original liability.
The proposition that, mere delay to sue the principal, however long continued, does not discharge the surety, is so firmly settled, that no authorities need be cited in its support.
There must be a judgment for the plaintiff' on the verdict. Judgment was so entered.