## PLATT vs. THE SAUK COUNTY BANK.

The affidavit for garnishment in an attachment suit, with the answer of the garnishee denying any liability as such, make an issue.

The garnishee is entitled to judgment upon such issue, unless the plaintiff elects to have a trial thereof.

Where the plaintiff, on the same day that the garnishee's answer was filed, served on him a notice of trial of the issue thus made: *Held*, that the election to have a trial, and the notice of such election, were sufficient under sec. 48, ch. 130, R. S.

Platt vs. The Sauk Co. Bank.

A motion by the plaintiff for judgment upon a garnishee's answer raises an issue of law, like a demurrer to the answer in an ordinary action; but whether the hearing of such a motion should be considered a "trial," within the meaning of the statute, it was not necessary in this case to decide.

Certificates of deposit payable "in current funds," are not negotiable.

APPEAL from the Circuit Court for *Sauk* County.

In an action by *Platt* against one Hoag, the property of Hoag was attached on the 15th of December, 1862, to satisfy a demand for $1,834.50, and the *Sauk County Bank* was summoned as garnishee of said attachment defendant. The cashier of the bank appeared in obedience to the summons, and on his examination stated that the bank was not indebted to Hoag at the time of the service of the garnishee summons; that said Hoag had no money or effects in the bank at the time of such service; that on the 5th of December, 1862, he deposited $1,200, and took two certificates of deposit for the same, one for $1,000, the other for $200; that on the 6th of the same month the bank issued to him two other certificates of deposit, of that date, one for $400.15, and the other for $449.15; that these certificates were payable to the order of said Hoag, and were made payable "in current funds" on the return of the certificates properly indorsed; that none of these certificates had been paid by the bank; and that witness did not know that Hoag had had any of them in his possession since the time of issuing them; that these certificates of deposit circulate as money; that upon their presentation, with proper indorsements, the bank always paid them to the holder; and that such was the custom of all banks so far as witness knew. This answer was certified by the county judge before whom it was taken, and filed in said circuit court January 17, 1863. On the same day the bank accepted service of a notice from the plaintiff that the issue of fact made on its answer as garnishee would be brought to trial at the next term of said circuit court. When the cause was reached in that court, the defendant moved to strike it from the calendar, on the ground that

'no issue had been joined. The court granted the motion for that reason, holding that the notice of trial was not a sufficient notice to the garnishee that the plaintiff was dissatisfied with its answer. The record further states that by the consent of the counsel for the bank, given in open court, "the plaintiff, after said cause had been stricken from the calendar as an issue of fact for trial, moved the court for judgment against said garnishee, upon his answer as such, for the amount recovered by the plaintiff against said Hoag in the action wherein the garnishee process issued." Motion denied. Judgment for the defendant; from which the plaintiff appealed.

*Smith & Ordway*, for appellant:

1. By the statute of 1849, p. 592, the garnishee's answer being unsatisfactory, an issue was to be made up immediately; and to effect this, the statute appears to contemplate some further act than the affidavit, examination and answer. How that issue was to be formed is not stated. In *Keep v. Sanderson*, 12 Wis., 355, it was by a declaration alleging the indebtedness of the garnishee to the defendant in attachment, and an issuable plea thereto. A trial at the next term after judgment in the original suit, followed as a matter of course. If no issue was made, judgment was had in favor of the garnishee. Nothing is said about an election. Sec. 35. By R. S., 1858, ch. 130, sec. 49, an issue is to be made up of the affidavit and answer. *There is an issue in all cases*; and the garnishee is entitled to a judgment for his costs, unless the plaintiff elects to have a trial. Sec. 48. The examining officer must file with the clerk of the court the garnishee's answer, and then the case stands like any other issue to be tried by the court. How, when and where is the election of trial to be made? Not to the examining officer; he is authorized only to return the answer to the court. Not prior to the filing of such return; for until then the issue is not completely within the jurisdiction of the court. Sec. 50 provides that "the issue is to be tried like any other personal action." In every other

such action the election of trial is evidenced by notice of trial (Laws of 1859, ch. 71); and either party may bring the issue to trial. R. S., ch. 132, sec. 9.   2. The plaintiff was entitled to judgment on the answer of the garnishee.   The certificates of deposit, being payable in current funds, were non-negotiable, and, if transferred, carried with them all existing equities. Edw. on Bills &c., 60, 134, 136, 137, 217; *Clark v. King*, 2 Mass., 524; *Jones v. Fales*, 4 id., 245; *Thompson vs. Dominy*, 14 M. & W., 403; *Bank of Utica vs. Magher*, 18 Johns., 341; 1 Am. L. C., 319; Story on Prom. Notes, § 18, n. 8; *McCor-mick v. Trotter*, 10 S. & R., 94; *Gray v. Donahoe*, 4 Watts, 400; *Fry v. Rousseau*, 3 McLean, 106; *Little v. Phœnix Bank*, 2 Hill, 427; *Leiber v. Goodrich*, 5 Cow., 186; *Collins v. Lincoln*, 11 Vt., 268; 13 Wis., 212; *Farwell v. Kennett*, 7 Mo., 595.

*Cary & Pratt*, for respondent, contended that the election to have a trial on the issue formed by the garnishee's answer, mentioned in sec. 48, ch. 130, R. S., must be exercised by the plaintiff and brought to the notice of the garnishee within a reasonable time, and that the " notice of trial" was not required by the statute, and was of no effect for any purpose.   2. The motion for judgment against the garnishee was properly denied.   The certificates of deposit described in the answer were negotiable.   There is nothing in the record showing that the phrase " current funds" had any technical meaning, or any meaning different from the ordinary definition of the words. See Webster's Dictionary, " currency " and " current funds." See also *Judah v. Harris*, 19 Johns., 144; *Handy v. Dobbin*, 12 id., 220; *Keith v. Jones*, 9 id., 120.

*By the Court*, DIXON, C. J.   It was erroneous to strike the cause from the calendar for the reason that no issue was joined. An issue was joined, and the only question that could arise was as to whether the plaintiff had given sufficient notice of his election to have a trial thereof.   The statute expressly declares that the affidavit mentioned in the thirty-fourth section

shall be deemed the complaint in the action against the garnishee, and his answer taken on his examination shall be his answer in such action. R. S., ch. 130, sec. 49.

We are also of opinion that the election by the plaintiff was sufficient. The language of the statute upon this subject (sec. 48) is very general. The time and manner in which he shall elect or give notice to the garnishee are not specified. Indeed no notice is required except such as is implied from the authority given the plaintiff to elect. If the garnishee in his answer shall deny all indebtedness or liability, he shall recover judgment &c., unless the plaintiff shall elect to have a trial on the issue formed by such answer. The answer of the garnishee, taken before the county judge, was returned and filed on the 17th of January, and on the same day the plaintiff gave notice of trial of the issue made by the answer. This was a good election, and reasonable notice thereof to the defendant.

But whether the election by the plaintiff was good or not, it was not too late for him to move for judgment on the answer, unless the hearing of such motion should be considered a trial within the meaning of the statute. It certainly raises an issue of law, the same as that raised by demurrer to the answer in ordinary cases. An opinion upon this question is unnecessary.

The remaining question, as to the negotiability of the certificates of deposit set forth in the answer, has already been decided by this court. Such paper was held non-negotiable in *Ford vs. Mitchell*, 15 Wis., 304. This case is not distinguishable from that, and must be governed by the same rule. That decision is sustained by an almost unbroken current of authority, and we are not inclined to change it by reason of any change in the circumstances of the country. If the legislature deem it expedient to declare such instruments negotiable, they have the undoubted power to do so ; but such changes in the law and policy of the state are not to be effected by the courts.

It was suggested at the bar that the certificates might be

deemed payable in the treasury notes of the United States, and therefore negotiable, since the law of congress declares such notes to be equivalent to gold and silver coin in payment and tender for debts. But the words " current funds " cannot be so construed. They were undoubtedly intended to include all funds bankable in this state, and any such funds would answer the description and satisfy the contract. A tender in any of the notes of the banks of this state passing as currency would have discharged the obligation.

Judgment reversed, and cause remanded for further proceedings according to law..