Crerar and others vs. Milwaukee & St. Paul Railway Company.

For these reasons the judgment of the circuit court must be reversed, and a new trial ordered.

*By the Court.* — So ordered.

---

CRERAR and others vs. MILWAUKEE & ST. PAUL RAILWAY COMPANY.

GARNISHMENT. (1–4) *Amendment of pleadings in garnishment. Power of the court over the proceedings.* (5) *Liability of garnishee who delivers debtor's property to a receiver appointed in another suit.*
APPEAL. (6) *Order not appealable.*

1. By the terms of the statute (R. S., ch. 125, sec. 37; Tay. Stats., 1446, § 41), " the court may, before or after judgment, in furtherance of justice, and upon such terms as may be proper, amend any pleading or proceeding   *   *   by inserting other allegations material to the case," etc. *Held*, that this power of amendment applies to the proceedings and pleadings in *garnishment*.
2. Sec. 49, ch. 130, R. S. (Tay. Stats., 1480, § 52), declares that the affidavit for process of garnishment " shall be deemed the complaint in the action against the garnishee, and his answer taken on his examination shall be his answer in such action." *Held*, that there is nothing in this which forbids the court to allow the filing of an amended answer by the garnishee, when that will be " in furtherance of justice."
[3. Per DIXON, C. J.:
  (1.) In an action of garnishment, where justice to the garnishee or to the plaintiff demands it, the court may direct an issue to be made up in the usual form of complaint and answer, as is done on appeals from county boards of supervisors, etc., where no statutory provision is made for the forming of such issues.
  (2.) It is one of the inherent powers of the court to so mould and direct the proceedings after the cause has come into it, as best to secure justice between the parties.]
4. Where the garnishee was a railroad company, and some of the facts stated in its amended answer were not known to the agents examined in its behalf, at the time of such examination, and could not then be readily ascertained, and other material facts occurred subsequently

to such examination: *Held*, that the allowance of the amended answer was clearly in furtherance of justice.

5. If a garnishee, after service of process upon him, delivers property of the principal debtor to a receiver subsequently appointed in another action to take charge of all the property of such debtor, he does so *at his peril*, but will have the right to allege and show that such receiver was entitled to the possession of such property as against the plaintiff in garnishment.

6. The order allowing an amended answer in this case, not being an abuse of discretion, *held not appealable.*

APPEAL from the Circuit Court for *La Crosse* County.

On May 20, 1872, the plaintiffs recovered judgment in the circuit court for La Crosse county, against the Southern Minnesota Railroad Company, for $15,159.58. A transcript of the judgment was docketed in Milwaukee county, and on October 26, 1872, an execution was issued thereon to the sheriff of that county. On the same day the *Milwaukee & St. Paul Railway Company* was summoned as garnishee. The company appeared before the court commissioner, by its officers, who testified, in substance, that the garnishee was not indebted to the principal defendant on October 26th, but the said defendant was then indebted to the garnishee; and that at that time, October 26th, there were certain freight cars on the road of the garnishee, marked "S. M. R. R.," which were presumed to belong to the Southern Minnesota Railroad Company, and which had been received by the garnishee to deliver to said company, but that they knew nothing as to their ownership.

The plaintiffs gave the garnishee verbal notice that they should take issue upon said answer; and after such issue had been noticed for trial several times, the garnishee served notice of motion for leave to file and serve a supplemental answer. This answer alleged, in substance, that at the time of the garnishment, the garnishee was not indebted to the principal defendant, but the latter was indebted to the garnishee in the sum of over $6,000; that the cars in possession of the garnishee were in the course of transportation of through freight

from and to the principal defendant's road, in the usual course of business, and were to be so returned ; that most of them were delivered back to the principal defendant after the garnishment, and before, in the ordinary and necessary course of business, it could be known to the officers of the garnishee, that the garnishment had been made, and that the cars were in the garnishee's possession ; that all of the cars were in the open possession of the garnishee, and could have been levied upon under the execution ; that only eight of said cars were in Milwaukee county at the time of. the garnishment; that in 1867 and 1868, the Southern Minnesota Railroad Company had given valid mortgages on said cars, and before the garnishment suits had been commenced to foreclose them, and on November 16, 1872, a receiver had been duly appointed of such mortgaged property, and thereafter the garnishee had surrendered to him said cars on his demand ; that, if liable for the value of the cars, the garnishee is entitled to set off the indebtedness of the principal defendant to it, on account; and that $10,000 and upwards had been collected on the judgment. After the service of the motion for leave to serve this answer, the plaintiffs served a notice of motion for judgment against the garnishee upon the answers made before the commissioner. Both motions were heard together, by stipulation, and the circuit judge allowed the garnishee's motion, and denied that of the plaintiffs in the same order. From this order and decision the plaintiffs appealed.

*M. P. Wing* and *G. C. Prentiss*, for appellant :

1. When the examination was held, the garnishee was in possession of all the facts set up in the proposed answer, and had no right to answer in any other manner than that prescribed by the statute. When a statute provides a new remedy, with the manner of pursuing it, it must be strictly. followed. 3 Kelly, 146; *Gibson v. Jenny*, 15 Mass., 205 ; *Commonwealth v. Knapp*, 9 Pick., 496 ; 3 Brevard, 396. The statute (Tay. Stats., 1571, § 127) provides that *the answer of the garnishee taken*

*on the examination shall be the answer* in such action. *Platt v. Sauk County Bank*, 17 Wis., 222. The decision of the circuit judge amounts to a repeal of that section. It was the duty of the garnishee to make full answers; he is not the arbiter of the law and the facts; and if he fails to perform his duties, he is liable to the creditor. *Jackson v. Bank of U. S.*, 10 Pa. St., 61; *Bank of Northern Liberties v. Jones*, 42 id., 536; Drake on Attach., § 491; *Adams v. Filer*, 7 Wis., 306; *Winterfield v. Mil. & St. P. R'y Co.*, 29 id., 589; *Mills v. Town of Jefferson*, 20 id., 50. 2. Even if the court had a discretion to allow a further answer, the allowance of the amended answer in this case was an abuse of discretion. No excuse was given for not making a full answer before the commissioner. And the statute of amendments does not allow a different manner of making up an issue by way of amendment, than was allowed for making the first issue. Tay. Stats., 1445–7; *Jenkins v. Sharpf*, 27 Wis., 472. 3. Property in the hands of a garnishee is in the custody of the law, and the garnishee is the agent of the court. *Brashear v. West*, 7 Peters, 608–624; *Mattingly v. Boyd*, 20 How. (U. S.), 128, 132; *Brook v. Smith*, 1 Salk., 280. No suit can be maintained against the garnishee during the pendency of the proceeding, by the receiver or other claimant. Drake on Attach., § 453; *Wallace v. McConnell*, 13 Peters, 151; *Embree v. Hanna*, 5 Johns., 101; *Mattingly v. Boyd, supra.* 4. The plaintiff was entitled to judgment against the garnishee upon its answer, and to make the motion for judgment upon the answer in the form made. Tay. Stats., 1569, § 15; *Johann v. Rufener*, 30 Wis., 671. 5. The garnishee is not entitled to the set-off claimed. *Allen v. Megguire*, 15 Mass., 490; *Brewer v. Pitkin*, 11 Pick., 298. 6. The garnishee should not have been discharged on the ground that the sheriff did not take the property on the execution. *Malley v. Altman*, 14 Wis., 22. 7. The order is appealable. *Matteson v. Curtis*, 14 Wis., 436.

*Cottrill & Cary*, for respondent:

1. The powers conferred by secs. 36, 37 and 41, ch. 125, R.

S., are confided to the discretion of the court, and its determinations are not reviewable on appeal, except in case of a clear abuse of discretion. *Richtmeyer v. Remsen*, 38 N. Y., 206. The order appealed from, at least so far as it granted leave to file and serve the amended and supplemental answer, is not embraced within either class of appealable orders enumerated in sec. 10, ch. 264, Laws of 1860. It did not "involve the merits of the action or some part thereof." *Rahn v. Gunnison*, 12 Wis., 528; *Matteson v. Curtis*, 14 id., 436; *Dole v. Northrop*, 19 id., 249; *Waldo v. Rice*, 18 id., 404; *Oatman v. Bond*, 15 id., 20, and cases cited; *Vincent v. Wellington*, 18 id., 159; *Akerly v. Vilas*, 21 id., 377; *Jones v. Walker*, 22 id., 220; *Roby v. · Hudd*, id., 638; *Francke v. Nunnenmacher*, 23 id., 297; *Johnston v. Reiley*, 24 id., 494; *Parmalee v. Wheeler*, 32 id., 429; *Pick v. Rubicon Hydraulic Co.*, 27 id., 433; *Noonan v. Orton*, 30 id., 609. 2. If the order can be treated as divisible, it was rightly granted; if indivisible, and right in so far as it granted respondent's motion, the whole order should be affirmed. The order correctly granted respondent's motion. Proceedings in garnishment are in the nature of a suit, and are subject to the ordinary rules that apply to actions. 2 Tay. Stats., 1571, §§ 127, 128; *Malley v. Altman*, 14 Wis., 23; *Platt v. Sauk County Bank*, 17 id., 222; *Vincent v. Wellington*, 18 id., 159; *Johann v. Rufener*, 30 id., 671. 3. It is a well settled rule that in garnishment a garnishee cannot be holden for anything as to which a right of action does not exist against him in favor of the principal defendant. *Keyes v. Mil. & St. P. R'y Co.*, 25 Wis., 694; *St. Louis v. Regenfuss*, 28 id., 146; Drake on Attach., §§ 485–489, and cases cited; *Miller v. Richardson*, 1 Mo., 310; *Barber v. Hartford Bank*, 9 Conn., 407; *Willard v. Sturtevant*, 7 Pick., 194; *Brigden v. Gill*, 16 Mass., 522; *Richardson v. Whiting*, 18 Pick., 530. In garnishment, only the interest of the debtor in the property can be reached. If that interest is subject to liens, they are not disturbed; hence the garnishee should answer and disclose all the facts, as a means of

protection to himself and others. Drake on Attach., §§ 223, 527–29, 607, and cases cited; *Winterfield v. Mil. & St. Paul R'y Co.*, 29 Wis., 589; *Willard v. Sturtevant*, 7 Pick., 194. 4. The mortgage creditors being nonresidents, the garnishee may and should defend in its own and also in their behalf. *Adams v. Filer*, 7 Wis., 306. It was proper to make all of the defenses proposed in the answer. Drake on Attach., § 482; *Bingham v. Lamping*, 26 Pa. St., 340; Tay. Stats., 1568, § 114; id., 1570, § 120; *Keyes v. Mil. & St. Paul R'y Co.*, 25 Wis., 694. 5. The court did not err in denying appellant's motion. The notice of motion was so vague, that no order could be made upon it; an order for the delivery of the cars to the plaintiffs would not have been warranted by the statute; and a judgment for the value could only be granted after an order of the court to deliver it to the officer and a refusal to comply with the order had been made. Tay. Stats., 1570, § 122. The respondent's motion was first made, and the granting of that motion necessarily operated to deny the other.

DIXON, C. J. The power of amendment is very broad, the statute declaring that "the court may, before or after judgment, *in furtherance of justice,* and upon such terms as may be proper, amend *any pleading or proceedings* * * * by inserting other allegations material to the case," etc. R. S., ch. 125, sec. 37; 2 Tay. Stats., 1446, § 41.

It was held in *Malley v. Altman*, 14 Wis., 22, that a proceeding against a garnishee is to all intents an action. If the means provided by law, and the steps to be taken to obtain judgment against a garnishee, be not an action, then they must at all events be *proceedings* in a court of justice for that purpose; and when the statute says that *any* proceedings may be amended in the manner prescribed, it must be held to include the proceedings against a garnishee, unless there be something in the same or some other statute *in pari materia,* by which the words are restrained. *Harrington v. Smith*, 28 Wis., 43; *Encking v. Simmons*, id., 272.

It is claimed that such restriction is found in sec. 49, ch. 130, R. S. (2 Tay. Stats., 1480, § 52), which declares that the affidavit for the process "shall be deemed the complaint in the action against the garnishee, and his answer taken on his examination shall be his answer in such action;" and the case of *Platt v. The Sauk County Bank*, 17 Wis., 222, is cited. This, it is said, makes the papers so named the only pleadings which can be had, and excludes the power of amendment. The rule that where a statute gives a new remedy and designates the manner of pursuing it, all other remedies are excluded, is invoked. It would be an extreme, and, we think, unwarranted application of the rule to hold it in such a case. The statute just quoted is undoubtedly directory, intended to furnish a general rule for the conduct of such proceedings, but not to lay down a peculiar or exclusive one which must in all cases be followed. It was designed to supply a general rule for the government of all ordinary cases, and which in such cases might stand and be sufficient, but not to bind the court by set forms and modes of action in extraordinary ones, where the *ends of justice demand* that some different course should be pursued. It was not designed to exclude the amending hand of the court to relieve from mistakes and omissions, where, without amendment, injustice and wrong are sure to follow. The power of amendment, in furtherance of justice, is general, granted in general words which must receive a general construction, so as to prevent wrong and injustice, wherever the party applying has not debarred himself by his own gross fault or misconduct. Under this power it was undoubtedly competent for the circuit court to receive the amended answer of the garnishee defendant. It would be competent for the court in any similar case, or under any circumstances where justice to the garnishee or to the plaintiff in the proceeding demanded it, to direct an issue to be made up in the usual form of complaint and answer, as is done on appeals from the decisions of the county boards of supervisors, and on numerous other ap-

peals provided for by statute and where no statutory authority is given or provision made for the forming of such issues. It is one of the inherent powers of the court to so mould and direct the proceedings after the cause has come into it, as best to promote and secure the objects of right and justice between the parties. Such, under the statute of amendments, was the authority of the circuit court in this case.

It is not claimed that the facts set up in the amended answer do not make a case for amendment *in furtherance of justice.* It is very clear that they do. The objection to the amendment as such, or as one which the court had the power to allow, is that the defendant had deprived itself of the privilege by its omission to answer the facts in the first instance, or when the examinations took place before the commissioner. It appears that all the facts were not then known to the agents and officers of the company, and could not readily be ascertained, and that some most important ones have since come to pass. But aside from this, we think the case discloses no such laches on the part of the company as ought to defeat the application, or as renders the granting of it an abuse of the discretionary powers vested in the circuit court. It seems to us that the order ought to have been made, and that the refusal to make it would have been erroneous and wrong.

Counsel say that the company could not make itself arbiter of the law and the facts, and deliver over the cars to the receiver after the service of the process of garnishment. It may be true that the company was not such arbiter, but it could deliver over the cars *at its peril,* or subject to being compelled to account to the plaintiffs for their value in case such delivery should be afterwards found to have been wrongful. The delivery would not prevent the company from showing that the cars belonged to the receiver, and that he was rightfully entitled to the possession of them as against the plaintiffs. It would not prevent the company from showing that it was lawfully made, and therefore not wrongful. We see nothing in

this fact which should have led to a denial of the application.

Counsel for the plaintiffs, who appeal, treat this as an appeal from the order allowing the amendment. Looking upon it in that light, the appeal should be dismissed, since there was no abuse of discretion in granting the order. In such case *appealability depends on the abuse of discretion.* If there be such abuse the order is appealable; but if there be no abuse, then it is not. See note to *Cottrell v. Giltner*, 5 Wis. (new edition), 275.

*By the Court.* — Appeal dismissed with costs.