## T. F. COSTNER v. J. W. FISHER.

### *Contract—Merger.*

The plaintiff, in settlement of an account due from the defendant, accepted the latter's bond upon condition that he would pay it in monthly instalments. The account was not receipted, and plaintiff testified that the bond was taken only as security: *Held*—

1. That, irrespective of the intentions of the parties, the debt on account was merged into the bond.

2. That if the debt had not changed its form and dignity, yet the acceptance of the bond was an agreement on the part of the creditor to suspend his remedy on the account until the expiration of the period of payment provided in the bond.

CIVIL ACTION, tried before *Connor, J.*, at Fall Term, 1889, of GASTON Superior Court.

The plaintiff brought his action before a Justice of the Peace for the recovery of $135.35 due by account and note under seal. When the cause was called for trial, the plaintiff entered a *nolle prosequi* as to the cause of action upon the note. The plaintiff testified, in substance, that the bond was given for the amount due upon the account, and that he accepted it on condition that the defendant would pay him ten dollars a month; that the bond was intended merely as a security, and that he did not receipt the account.

The Court held that "the cause of action upon the account was merged into the note, and that the same not being due, the plaintiff could not recover."

There was a verdict for the defendant, and the plaintiff appealed.

*Mr. W. A. Hoke,* for the plaintiff.
*Mr. R. W. Sandifer,* for the defendant.

COSTNER *v.* FISHER.

SHEPHERD, J.—after stating the facts: His Honor was clearly right in holding that the account was merged in the bond. GIBSON, C. J., in *Jones* v. *Johnson*, 3 Watts & Sergt., 277, says: "Extinguishment by *merger* takes place between debts of different degrees, the lower being lost in the higher, and, being by act of law, it is dependent on no particular intention  *  *  *  No expression of intention would control the law which prohibits distinct securities of different degrees for the same debt, for no agreement would prevent an obligation from merging in a judgment on it, or passing *in rem judicatum.* Neither would an agreement, however explicit, prevent a promissory note from merging in a bond given for the same debt by the same debtor, for, to allow a debt to be at the same time of different degrees, and recoverable by a multiplicity of inconsistent remedies. would increase litigation, unsettle distinctions and lead to embarrassment in the limitation of actions," &c.    This high authority fully sustains the ruling of his Honor.

Even if there were no merger, the taking of the bond, payable at a certain time, implies an agreement to suspend his remedy on the account for that period.   2 Dan'l Neg. Ins., 1272; *Putnam* v. *Lewis*, 8 Johns, 389; *Frisbie* v. *Lerned*, 21 Wend., 450, and other cases cited in *Bank* v. *Bridgers*, 98 N. C., 67.

                                                Affirmed.