HENRY H. WEAST, Respondent, v. FRANK H. ANNIS, as Sheriff of the County of Cattaraugus, Appellant.

Fourth Department, May 11, 1927.

Judgments — execution — plaintiff, assignee of judgment, accepted from judgment debtor chattel mortgage upon property which had been levied on — mortgage recited express agreement on part of judgment debtor to pay indebtedness, including judgment, at future date — mortgage was inconsistent with execution then outstanding and rendered execution void — plaintiff is not entitled to recover damages against sheriff for returning execution unsatisfied.

A chattel mortgage given by a judgment debtor to an assignee of the judgment after a levy has been made, which mortgage was given to secure the payment of the indebtedness, and contains an express agreement on the part of the debtor to pay the indebtedness at a future date, and which was given with the intention to extend the debtor's time of payment of the judgment, suspends the judgment creditor's right to enforce the judgment until the due date of the chattel mortgage.

The chattel mortgage was inconsistent with the execution and levy and rendered the execution void.

Accordingly, the assignee of the judgment is not entitled to recover damages in this action against the sheriff for returning the execution unsatisfied.

HUBBS, P. J., and CLARK, J., dissent, with memorandum.

APPEAL by the defendant, Frank H. Annis, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cattaraugus on the 22d day of January, 1924, upon the decision of the court rendered after a trial before the court and a jury, the defendant having moved for a dismissal of the complaint.

*James S. Pierce*, for the appellant.

*Waring & Waring* [*William W. Waring* of counsel], for the respondent.

PER CURIAM. While an execution upon a judgment was outstanding in the hands of the sheriff and after a levy on the judgment debtor's property had been made, the plaintiff, as the assignee of the judgment, to secure the payment of the judgment and other indebtedness accepted from the judgment debtor a chattel mortgage upon property which was already subject to the levy. The chattel mortgage in addition to reciting that it was intended to secure the payment of the indebtedness, contained an express agreement on the part of the judgment debtor to pay the indebtedness, including the judgment, at a future date. The mortgage also contained a warranty by the mortgagor that the property covered by the mortgage was free from liens. The acceptance of the chattel

mortgage so far as now appears was intended to extend the debtor's time for the payment of the judgment and consequently suspended the judgment creditor's right to enforce the judgment until the due date of the chattel mortgage. The plaintiff's situation after accepting the debtor's promise to pay at a later date was analogous to that of the holder of a claim after the acceptance of a promissory note due at a future date for the amount of the claim. (*Matter of Utica Nat. Brewing Co.*, 154 N. Y. 268; *Jagger Iron Co.* v. *Walker*, 76 id. 521.)

The chattel mortgage was inconsistent with the execution then outstanding and rendered the execution void. The assignee of the judgment is not entitled to recover damages against the sheriff for returning the execution unsatisfied.

The judgment should be reversed on the law and facts and a new trial granted, with costs to appellant to abide event. The decision of the trial justice fails to set forth the full substance of the chattel mortgage or the intent of the plaintiff in accepting it in relation to the time for the payment of the judgment, and the reversal, so far as it is on the facts, is a matter of discretion based upon the failure to include such facts in the decision.

All concur, except HUBBS, P. J., and CLARK, J., who dissent and vote for affirmance in a memorandum by HUBBS, P. J. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

HUBBS, P. J. (dissenting). I dissent and vote for affirmance upon the ground that the taking of the chattel mortgage by the plaintiff from the judgment debtor did not have the effect of extending the time of payment of the judgment, and, therefore, did not release or stay the execution. The learned trial court has found that the chattel mortgage was taken for security and there is no finding that there was a valid agreement to extend the time of payment of the principal debt. (*Remsen* v. *Graves*, 41 N. Y. 471; *Williams* v. *Townsend*, 1 Bosw. 411; *Flower* v. *Lance*, 59 N. Y. 603; *Fallkill National Bank* v. *Sleight*, 1 App. Div. 189; *Bank of Pennsylvania* v. *Potius*, 10 Watts [Penn.], 148; 29 Cyc. 1139; 27 Am. & Eng. Ency. of Law [2d ed.], 506; 28 C. J. 1006; Brandt on Suretyship & Guaranty, § 319, p. 431.)

CLARK, J., concurs.

Judgment reversed on the law and facts and a new trial granted, with costs to appellant to abide event.