Babcock *v.* Dill.

SULLIVAN BABCOCK, Assignee, *vs.* ROBERT L. DILL, impleaded with Elijah Weston.

It is well settled that an agreement by a creditor with a third person to accept less than his demand in satisfaction of it, is valid and may be enforced.

Where the father of an insolvent son entered into a composition agreement with creditors to pay them forty cents on a dollar, which they respectively agreed to accept in satisfaction of their debts; *Held* that the payment of the same by the father to one of the subscribing creditors, and its acceptance by the latter, was a satisfaction of the entire demand, and might be pleaded as such by the son, in an action by such creditor to recover the residue.

The agreement contained a condition that the same was to to be void unless all the creditors signed it. It *seems* that a breach of the condition would not enable the creditor to maintain an action to recover the residue without first restoring what he had obtained under it.

Nor (*it seems*) could such creditor avoid the effect of the satisfaction by showing that the principal debtor had been guilty of fraudulent representations to induce creditors to become parties to the compromise. But if the creditor desires to rescind in such case and prosecute the principal debtor, he must rescind in *toto;* and restore to the father what he has obtained of him under the agreement. *Per* MORGAN, J.

Babcock *v.* Dill.

Where a third person, without the knowledge of the father or son, gave his own note on behalf of the son to one of the creditors, to pay an additional ten per cent. to induce the latter to sign the agreement; *Held*, that the note was void, and did not impair the effect of the compromise.

The voluntary payment of such note by the son, after the execution of the compromise agreement, although with knowledge of its character, is not such a ratification of the fraud as to avoid the compromise. MULLIN, J. dissented.

THIS action was brought to recover the balance of a judgment against Robert L. Dill and Elijah Weston, entered up in the supreme court on their confession, January 19, 1850, for $984.78 in favor of Robinson & Brunson; and which the plaintiff claimed by virtue of a general assignment made by Robinson & Brunson to him in December, 1859. The complaint admitted payment of $491.64 October 7, 1853.

Robert L. Dill answered and claimed that the judgment was satisfied by means of a compromise which his father, Samuel Dill, had entered into with the creditors on his behalf, he being at that time insolvent and wholly unable to pay his debts. The agreement was set out as follows: "Agreement made this 7th day of April, 1853, between Samuel Dill of Camillus, Onondaga county, in the state of New York, of one part, and others, the undersigned, of the other part, witnesseth: That the said Dill agrees to and with the undersigned parties of the second part, severally and respectively, that he will, within six months from the date hereof, pay to the undersigned, respectively, forty cents on a dollar of the indebtedness of Robert L. Dill of Camillus aforesaid to them, that is the indebtedness of the said Robert L. Dill individually or jointly with another or others, or as a partner with another or others; such payment to be made to parties of the second part respectively, or by deposit in the Bank of Syracuse in said county, at the election of the said Samuel Dill. The said party of the second part severally agree to and with said Samuel Dill, that on receiving such payment as aforesaid, from said Samuel Dill, they will cancel and discharge such indebtedness of said Robert L. Dill to them

Babcock *v.* Dill.

respectively to the full amount of such indebtedness. This agreement is to be void and of no force or effect unless all the creditors of the said Robert L. Dill, as aforesaid, become parties hereto upon the terms and at the per centage aforesaid." It was then alleged that all the creditors became parties, and that Samuel Dill paid to Robinson & Brunson, on their aforesaid judgment, the sum of forty per cent, according to the terms of the agreement, and that the same was received by them in satisfaction of the judgment.

On the trial at the Onondaga circuit, in September, 1863, before Justice MULLIN and a jury, it appeared that Robinson & Brunson had become parties to the agreement as well as others, the creditors of Robert L. Dill; and that Samuel Dill paid to them the forty cents on a dollar upon their judgment, October 7, 1853, and thereupon they gave a receipt acknowledging satisfaction of all claims and demands against Robert. Among the creditors, the name of John D. Norton was subscribed to the agreement; and evidence was produced by the plaintiff tending to show that one A. T. Van Gaasbeck, as the friend of Robert L. Dill, had given him his own note for ten per cent of his indebtedness, in addition to the forty per cent, to induce him to become a party to the agreement. It was also claimed by the plaintiff that there were several creditors who had not signed it; and evidence was also given tending to show that Robert L. Dill paid the Van Gaasbeck note in the following November or soon after, and that he was informed prior to its becoming due that such a note had been given. Robert L. Dill testified that he did not propose, suggest or authorize Van Gaasbeck to give Norton such a note or any thing to induce him to sign the compromise, and that he knew nothing about it until some months after. Evidence was also given by the plaintiff tending to show that Robert L. Dill held out additional inducements to one Charles Laud to become a party to the compromise. The judge charged the jury that if all the creditors of Robert L. Dill signed the agreement, and

none of them received more than forty per cent, the plaintiff was not entitled to recover. That if the giving of the Van Gaasbeck note to Norton was at the instance of, or known to, either Samuel Dill or Robert L. Dill, or was paid by either of them before the compromise agreement was con-summated, it was a ratification of the act of Van Gaasbeck and vitiated the compromise. The judge further charged the jury that if the note to Norton was given by Van Gaas-beck without the knowledge of Robert or his father, it did not constitute a breach of the agreement, or vitiate it in any manner. The judge further charged the jury, that if the Van Gaasbeck note was paid by Robert L. Dill or his father, after it was ascertained for what it was given, it would be a ratification of the act of Van Gaasbeck in giving it and would render the compromise void. The counsel for the plaintiff then insisted that there was no conflict of evidence as to the payment of said note by Samuel or Robert after it was ascertained for what it was given; but the judge refused so to hold and submitted the question to the jury.

The plaintiff excepted. The jury found a verdict for the defendant. The plaintiff's counsel moved the court for a new trial upon the minutes, which was denied; and there-upon (the defendant having perfected his judgment) the plaintiff made a case and exceptions and appealed to the general term.

*D. Pratt,* for the plaintiff. I. The discharge rests on the agreement and not on what is received, for the right of action will not be extinguished unless there be an agreement to re-ceive the thing in satisfaction. (1 *Saund. Pl. and Ev.* 23 to 36. 3 *Steph. Com.* 375. 1 *Chitty's Pl.* 613. 2 *id.* 924, 1022. 7 *Ad. & El.* 134.)

II. It was not necessary that there should be any offer to return the amount received, in order to sustain the action. (*Durgin* v. *Ireland,* 4 *Kern.* 322. *Lewis* v. *Jones,* 4 *B. & C.* 506.)

III. It was necessary for the defendant to prove that all his creditors had become parties to the agreement at the rate aforesaid. (*Durgin* v. *Ireland, supra. Cooling* v. *Noyes,* 6 *T. R.* 263.) He also cited 2 *Cr., M. and R.* 422; 5 *Bing.* 432; 2 *T. R.* 763, and 11 *Ad. & Ell.* 1033.

IV. It is not a question of good faith on the part of Samuel Dill, but a question upon the performance of his contract. John D. Norton, a creditor, did not become a party to the agreement at the rate of forty per cent, and it is not material whether Samuel Dill knew of the secret arrangement or not. The question is, did he perform his contract? (*Durgin* v. *Ireland,* and *Cooling* v. *Noyes, supra.*)

V. Besides, Samuel Dill by paying the note ratified the act of Van Gaasbeck and made it his own. (5 *Hill,* 107 *to* 137. 4 *Wend.* 465.)

VI. The verdict of the jury was clearly against evidence. The judge charged the jury that if the note of Van Gaasbeck was paid by Robert or his father, after it was known for what it was given, it would be a ratification of the act of Van Gaasbeck and would render the compromise void. The rulings of the judge must be deemed the law of the case for the jury. Upon this question there was no conflict of evidence.

*Wm. J. Hough,* for the defendant. I. When a stranger, out of his own means, pays a creditor part of his demand, under an express agreement that it shall be received in full satisfaction, the creditor can not afterwards maintain an action for the remainder of the demand. (*Chitty on Cont.* 784.) Payment of the amount agreed upon extinguishes the debt. (*Russell* v. *Rogers,* 10 *Wend.* 473, 8, 9. *Fellows* v. *Stevens,* 24 *id.* 294, 297. *Breck* v. *Cole,* 4 *Sandf. S. C. Rep.* 79.)

II. The contract is no longer executory; it is *executed,* and the debt is barred until the contract is rescinded. (*Chitty on Cont.* 784.) And they could not rescind the contract and at

the same time retain the fruits of it. (*Moyer* v. *Shoemaker*, 5 *Barb.* 319. *Voorhees* v. *Earl*, 2 *Hill*, 288, 293. *Hogan* v. *Weyer*, 5 *Hill*, 390. *Masson* v. *Bovet*, 1 *Denio*, 69, 74.) The fact that Samuel Dill, or Robert his son, learned of and paid Van Gaasbeck's void note, after the agreement was consummated, does not aid the plaintiff. (*See cases above cited.*)

MORGAN, J. In the view I take of this case, the charge of the judge was quite too favorable to the plaintiff. The plaintiff must get rid of the compromise either upon the ground of fraud, or upon the ground of strict contract. The jury have negatived the allegations of fraud, and I see no reason to disturb their verdict upon any question of fact, which is material to the plaintiff's case. Doubtless Robert L. Dill knew that the Van Gaasbeck note was given to induce Norton to become a party to the compromise, before he paid it. The evidence plainly shows this; but it does not show that he knew of it before the consummation of the agreement by Brunson & Robinson and others. His subsequent knowledge and payment of the note could not relate back to, and vitiate, the compromise. But I do not see any grounds disclosed upon the trial upon which the plaintiff can recover. To understand this case properly, it is necessary to revert to the condition of the parties at the time of the agreement by Samuel Dill to pay forty cents on a dollar of his son's indebtedness. Robert L. Dill, his son, had been unfortunate in business, and it was doubtless the object of his father to extricate him from his difficulties and set him upon his feet again. He therefore agreed in writing that he would, within six months from the date thereof, pay to the creditors severally and respectively forty cents on a dollar of their respective demands; and the creditors on their part, who became parties to the agreement, severally agreed that on receiving such payment from Samuel Dill they would cancel and discharge such indebtedness, to the full amount.

Babcock *v.* Dill.

Then comes the clause that "this agreement is to be void and of no force and effect unless all the creditors of said Robert L. Dill become parties hereto upon the terms and upon the percentage aforesaid." This clause, I think, was intended for the protection of Samuel Dill. The reason is obvious. Unless he could induce all the creditors to accept the forty cents, he would not have accomplished his object; and the old gentleman did not intend to pay any of his debts unless he could pay all of them, and thus relieve his son from further embarrassment. And I think the necessary import of the transaction is, that the money was to come from the old gentleman and not from his son. It was therefore a special contract between a third person and the creditors of the debtor to accept from him a certain sum in full of their demands. The creditors had no necessary connection with each other, and could not say (as in the case cited where the debtor himself had compromised with his creditors) that the common fund had been diminished in consequence of his undertaking to pay one creditor more than another; but they severally agreed to take the amount and cancel the debt. But the old gentleman's engagement to pay any of them was conditional, that all should agree to it. What interest then had the creditors in that clause of the agreement? They had no interest except to induce all the creditors to unite so as to make the contract binding on Samuel Dill. Robert L. Dill (the son) was not a party to the contract, although the undertaking of Samuel Dill was made for his benefit and to relieve him from his debts. I have some doubt, therefore, whether the clause in question was one of which the creditors could take advantage. At all events, they could not receive and retain the forty per cent and reject that part of the agreement which required them to cancel their debts. If they desired to raise the questions which the plaintiff now raises to avoid the contract, they should have returned the forty per cent to the old gentleman. If they discovered that they had been defrauded into the

agreement, and desired on that account to rescind, they could only do so by returning the moneys which the old gentleman paid them to cancel their demands. It is no answer to say that the contract was for the benefit of Robert L. Dill, and that he ought to be held responsible for the balance of the demand. It was also for the benefit of the creditors; and they must take the burden as well as the benefit of it. It would be an outrage upon the father to keep his money and refuse to discharge his son. The father had an interest in his son's welfare which furnished a highly meritorious consideration for his engagement with the creditors to pay them the forty cents upon the dollar, upon their agreement to discharge his son from further liability. It is not the case of a stranger who officiously steps forward to pay a portion of another's debt. And it is well settled that an agreement by the creditors with a third person to accept less than the demand, in satisfaction of it, is valid and may be enforced. (*See Chitty on Cont.* 641; *Lewis* v. *Jones,* 4 *B. & C.* 506; *LePage* v. *McCrea,* 1 *Wend.* 164, 172.) In *Lewis* v. *Jones,* (*supra,*) the father gave his own note for his son's debt for fifteen shillings in the pound, and was not privy to any misrepresentations relied upon to avoid the satisfaction. Holyroyd, J: said: "With respect to the effect of the representations, if admissible, it may suffice to say that the plaintiff should have returned the note if he intended to say that the agreement for composition was thereby rendered void." So it was held in this court in *Wells* v. *Munro,* (not reported,) that where a creditor, under an assignment which is liable to be defeated for fraud, takes a dividend under it he can not afterwards avoid it without at least restoring the dividend to the assignee. And the general rule undoubtedly is, that a party to a contract, who intends to avoid it on the ground of fraud, can not retain the fruits of it, but must rescind it in toto if at all. (2 *Parsons on Cont.* 277.)

It is unnecessary to decide what would be the effect of the transaction in case Samuel Dill had been a party to the

alleged fraud relied upon to avoid the satisfaction of the plaintiff's debt. The subsequent voluntary payment of more than forty cents on a dollar to another creditor would not avoid the satisfaction of the plaintiff's debt. The note of Van Gaasbeck to pay Norton an additional sum given to induce him to sign the composition agreement was illegal and void. (4 *Sandf. S. C. Rep.* 79.) Norton was therefore bound by the composition agreement. There is no evidence that Samuel Dill, the father, was a party to any of the objectionble proceedings of his son or others to induce the creditors to sign it. But if this is not so, those who have subsequently received and retained the forty per cent can not now take the objection that there was some outside arrangement, between the debtor and some of the creditors, that the debtor would ultimately do better by them.

The motion for a new trial should be denied, and the judgment affirmed.

BACON and FOSTER, JJ. concurred.

MULLIN, J. dissented.

Judgment affirmed.

[ONONDAGA GENERAL TERM, April 4, 1865. *Mullin, Morgan, Bacon* and *Foster,* Justices.]