Decree appealed from reversed, and proceedings remitted, with costs of appeal to abide the result.(*a*)

[THIRD DEPARTMENT, GENERAL TERM at Albany, January, 1875. *Bockes, Landon* and *Countryman,* Justices.]

(*a*) *S. C.,* briefly reported, 3 *Hun,* 350.

---

WILLIAM K. RUSK, bank comptroller of the state of Wisconsin, *vs.* WILLIAM K. SOUTTER and others, executors, &c.

A bond was given to the bank comptroller of the state of Wisconsin, by M. and the defendant's testator, for the security of the circulating notes of a bank. M., the owner of the bank, sold and transferred its entire stock to D., who, with a surety, executed and delivered to the same officer a new bond, for the same purpose. The old bond was given up, and the new one accepted in its place. At that time, an act of the legislature was in existence, authorizing this to be done ; and the parties acted in good faith, and intended to comply with its provisions. *Held,* that the old bond was extinguished by what the law denominates an accord and satisfaction made by a third party ; and that an action would not lie to enforce it.

The obligors in the substituted bond, being sued upon it, failed to resist a recovery on the ground that they had executed it without authority of law ; and judgment by confession was entered against them. *Held,* that by such omission they had waived their right of objecting that the law under which such bond was executed was unauthorized by the constitution of the state. And that the obligation mentioned in it became as effectual, against the obligors, as though the bond had been given under a valid law.

That a complete legal liability was created, and that was sufficient to render the new bond a good accord and satisfaction.

*Held,* also, that the bond which it was designed the comptroller should have, as the consideration of the exchange, having been sustained by a judgment of a court in Wisconsin, the plaintiff could not now stand upon the averment that such bond was unauthorized because the law under which it was made was not warranted by the constitution, without its ratification by a vote of the people.

APPEAL from an order made on the trial, at a circuit, refusing to dismiss the complaint, and directing a verdict for the plaintiff.

The action was brought by the plaintiff as bank comptroller of the state of Wisconsin, to enforce a bond executed to him by M. and the defendants' testator, to secure the payment of the circulating notes of a bank in that state.

*Mr. Wakeman*, for the appellants.

*D. M. Porter*, for the respondents.

DANIELS, J. It appears from the case that Marston, the former owner of the bank for the security of whose circulating notes the bond in suit was given to the comptroller, sold and transferred its entire stock to Daniel, who procured to be executed and delivered to the same officer a new bond for the same purpose. The preceding bond was delivered up, and the new one accepted in its place. At that time an act, apparently valid, was in existence authorizing that to be done; and the parties evidently intended to comply, and supposed they had fully complied, with its provisions. No informality in the proceeding has been relied upon to defeat the effect of the transaction. And no bad faith appears to have intervened through which it can properly be impeached. On the contrary, the transaction seems to have been fairly entered into, by which the stock of the bank was transferred, and the puchaser, with the assent of the comptroller of the state of Wisconsin, who was the officer having the supervision and control of the banking business of the state, substituted a new bond as security for the notes expected to be circulated in the course of its business. Upon these facts, the old bond was extinguished by what the law denominates an accord and satisfaction made by a third party. The rule upon this subject is that, "if the accord and satisfaction be made by a third party and is accepted as satisfaction, it would seem to be sufficient, if the actual

debtor consent to look upon it as such." (2 *Pars. on Cont.*, 688. *Booth* v. *Smith*, 3 *Wend.*, 66, *and cases cited. Frisbie* v. *Larned*, 21 *id.*, 450. *Babcock* v. *Dill*, 43 *Barb.*, 577. *Good* v. *Cheesman*, 2 *Barn. & Ad.*, 329. *Tilton* v. *Alcott*, 16 *Barb.*, 598, 599, 600.

The statute, however, which in terms conferred upon the comptroller the power to make this change in the bonds, was afterwards held by the Supreme Court of Wisconsin to be unconstitutional, because of the failure to submit it to a vote of the people. And that circumstance is relied upon by the plaintiff as sustaining the position that there was no lawful authority allowing the old bond to be surrendered and the new one to be taken in its place. It would undoubtedly be attended with that result, if that were all that there was of the case. For then the parties who executed the new bond would not have become liable for the performance of its condition. But it was not ; for judgment by confession was entered against them upon the bond. They failed to resist a recovery on the ground that they had executed it without the authority of the law. By that omission they waived their right, as they had the power to do, of objecting that the law under which their bond was executed, delivered and received, was unauthorized under the constitution of the state. And the obligation mentioned in it became as effectual against them as though it had been given under a law against which no objection whatever could be made. (*Phyfe* v. *Eimer*, 45 *N. Y.*, 102, *and cases cited.*) In that way as full effect was secured for the substituted obligation as the parties to it designed it should have. And that extinguished, as it was intended to, the bond surrendered for it. . A complete legal liability was, under the circumstances, created, and that was sufficient, under the authorities, to render the new bond a good accord and satisfaction. The judgment concluded the parties executing it from objecting afterwards that they were not

bound upon it, and merged the entire claim which the plaintiff could assert. (*Olmstead* v. *Webster*, 8 *N. Y.*, 413.)

Both could not be pursued; and as that which it was designed the comptroller should have as the consideration of the exchange has been sustained by a judgment of the courts of Wisconsin, he cannot now stand upon the averment that it was unauthorized because the law under which it was made was not warranted by the constitution without its ratification by the people.

The verdict should therefore be set aside and a new trial ordered, with costs to abide the event.

LAWRENCE, J. In my opinion the court below erred in directing a verdict for the plaintiff, and in refusing to dismiss the complaint.

*First.* This action proceeds upon the assumption that Mr. Squires, the former bank comptroller of the state of Wisconsin, exceeded his powers, when on the 6th day of October, 1859, upon the sale of the Tradesmen's Bank by Marston to Daniel, he (Squires) cancelled, destroyed or surrendered up the bond previously executed by Marston and the defendant's testator, and accepted in lieu thereof the bond of Daniel and his sureties. (*Van Steenwyck* v. *Sackett*, 17 *Wisc. Rep.*, 654. *Rusk* v. *Van Nostrand*, 21 *id.*, 16, 166.)

It must, I think, be assumed, from the allegations in the complaint and from the evidence in the case, that at the time of the surrender of said bond it was the course and practice of the bank comptroller of the state of Wisconsin to surrender and deliver up bonds of this character, and to cancel the same, upon receiving other bonds; and there is nothing in the case which can be fairly said to impute either to Marston or to the defendant's testator any fraud in procuring the withdrawal or surrender of said bond.

But it is claimed that, as subsequently the courts of Wisconsin decided, that the act of 1855, under which

the bank comptroller had exercised the power of withdrawing or surrendering the bond in question, was unconstitutional and void, because it had not been submitted to the people for ratification, therefore the surrender of the bond of Marston and of the defendant's testator was inoperative and ineffectual. Conceding (for the argument, but not admitting,) that this court is bound to follow a construction given by the courts of Wisconsin, years after a transaction occurred, to a provision of the constitution of the state, in opposition to the construction which practically prevailed at the time such transaction took place, see *Gelpecke* v. *City of Dubuque*, (1 *Wallace*, 175 ;) *Havemeyer* v. *Iowa Co.*, (3 *Wallace*, 294,) I think that there is a fatal objection to the plaintiff's case.

It is admitted by the complaint that prior to the execution of the bond in question Marston had delivered to the bank comptroller a bond, executed by himself and one Frederick P. James, in the same penal sum ($25,000) with the same purpose and condition as the bond in question ; and it is averred that the said bank comptroller, in violation of his duty, upon receiving this bond, surrendered the said bond of Marston and James, and took and accepted this bond in lieu thereof.

Now if the bank comptroller had no authority under the act of 1855, or under the laws of Wisconsin, as averred in the complaint, to surrender the bond of Marston and James, he had no authority to take the bond of Marston and of the defendant's testator in lieu thereof. The taking of the latter bond was just as much a nullity as the surrender of the former bond.

It seems then to be clear, that the wrong and injury of which the plaintiff complains, and which this action is designed to repair, arose not from the acceptance of the bond of Daniel, in lieu of the bond of Marston and of the defendant's testator, but from the illegal surrender

by the bank comptroller of the bond of Marston and James.

If the action of the bank comptroller, based upon the assumption that the act of 1855 was valid, is void, because that act is unconstitutional, then the bond executed by the defendant's testator was executed in furtherance of an illegal transaction, and is null and void.

Should it be contended that it does not affirmatively appear that the bank comptroller acted under the act of 1855, in taking the bond in suit, the answer must be that the complaint alleges that he acted in violation of the laws of Wisconsin, and that the case was tried on the theory that to prove that he acted in such violation it was necessary to show that the act of 1855 was invalid; and the decisions of the courts of Wisconsin were proved upon the trial with that view, and for that purpose.

Again ; the complaint avers and admits that the bank comptroller acted in violation of the laws of Wisconsin in receiving and accepting the bond in suit, in lieu of the bond previously executed by Marston and James, and it is quite unimportant which law of the state the bank comptroller violated in this respect, provided he violated any law. If the state of Wisconsin can be allowed to maintain that the act of the bank comptroller was illegal in taking this bond for any purpose, it surely cannot at the same time seek to enforce the bond which is tainted with illegality.

All then that the plaintiff can in fairness claim, is to be remitted to the position which was occupied before the bank comptroller assumed to exercise any power under the unconstitutional act of 1855, or in violation of any law of said state.

In other words, the plaintiff's rights under the original bond are the same as they were before the defendant's testator executed his bond, and the testator's bond must be deemed in law never to have existed.

*Second.* I am strongly inclined to the opinion that

under the peculiar circumstances disclosed by the case, the plaintiff is estopped from questioning at this late day the validity of the acts of the bank comptroller in surrendering and cancelling the bond which it is now sought to enforce. (*Bigelow on Estoppel, pp.* 276, 277, *and cases cited.*)

If the views above expressed are sound, it is, however, unnecessary to rest this case upon such estoppel.

There should be a new trial, with costs to abide the event.

DAVIS, P. J., concurred.

New trial granted.

[FIRST DEPARTMENT, GENERAL TERM at New York, October 8, 1874. *Davis, Daniels* and *Lawrence,* Justices.]