Daniels, J.
The verdict was directed for the plaintiff for the amount unpaid on two promissory notes made by *483 D. H. Koehler and endorsed by the defendant. The •making; and endorsement of the notes was admitted by the pleadings, and the defense relied upon on the trial was that they had been given to the plaintiff: in violation of the terms of a compromise agreement made between the firm of David M. Koehler and Bernard Kepfur with their creditors, for the settlement and satisfaction of their debts, for the sum of fifty cents on the dollar. The evidence tended to establish the fact that these two notes formed part of a series of notes given for the entire indebtedness of the firm to the plaintiff, while the bank, through its president, had become a party to and executed the composition deed. The maker of the notes was sworn and examined as a witness upon the trial, and testified generally that all the creditors of the firm had become parties to and executed the composition deed, but upon his cross-examination his statement was that persons to whom small amounts might have been owing, in sums of five dollars or less, may not have signed the instrument. But his final evidence was, “there,might be some small creditors who did not sign this paper. I can’t say certainly; I don’t think there were any; as far as my recollection goes every person signed that paper; my, intention was that every one should have signed it, and. sign upon the same basis—fifty cents.” This evidence did ■ so far tend to establish the fact that all the firm creditors-had executed the instrument as to entitle the defendant to have that question submitted to the jury, if it should be considered important for the disposition of the case. But the instrument itself was not drawn in such a manner as to require all the creditors of the firm to execute or become parties to it. It was made to include, “We .who .have . hereunto subscribed our names and affixed our seals, creditors of David H. Koehler and Burnard Kepfur, composing the firm of Koehler & Kepfur.” This limited the effect of . the instrument to those persons who should become parties < to it, and did not render it indispensible to its validity, that the small creditors referred to by the witness should any of them have executed the paper. No portion of the instrument, either by express words or fair implication, required that all these small creditors should become parties to it, and in the form in which it was made it would not be invalid simply because small amounts of the description mentioned by the witness had not become bound in the composition. Van Borkelen v. Taylor, 62 N. Y., 105.
_ A further objection to the binding effect of the composition deed was made upon the settlement of a debt owing to the Importers and Traders’ National Bank of the city of New York. This debt was settled under the authority of Wellington & Kidder, who seem to have become responsible *484 for the amount, and with their consent the bank did receive a composition relieving this firm from habihty to it. This was paid in money by an agent of the firm, and the payment amounted to $428.24 in compromise of their note1'of S8Y9.62, which was less than the fifty cents mentioned in the compromise agreement. No harm or prejudice came to the plaintiff from this transaction, neither could it have the effect of invalidating its obhgation to carry out the compromise, as it had agreed to do, for the sum of fifty cents on the dollar.
The same observations are substantially applicable to the settlement with the Park Bank. The witness testified that he paid-that bank the same as the rest of the creditors, but in the settlement the bank did not relinquish its right to look to the indorsers of the paper for the residue of the indebtedness. But as between the bank and the firm the settlement appears to have been made for the per centage mentioned in the compromise agreement. Upon this subject the witness swore “that we did not give the Park Bank more than fifty cents. They got fifty cents of the balance there was due them on all the notes and indorsements.” But if this bank, or the Importers and Traders’ Bank, had endeavored to take advantage of the situation of the firm, and thereby secure more favorable terms than the agreement provided for, it would not invalidate the agreement itself, but would be a fraud upon the other creditors which the law would not sanction or maintain.
There was no such default in payment by the debtors as entitled the plaintiff to disregard the terms of the compromise. The authorities referred to in support of this point do not maintain the right of the plaintiff, after receiving more than it was entitled by the terms of the agreement to receive, to allege any such default. They are in principle, as well as in their facts, distinguishable from this case, and relate to and define the obligations of the debtor to the creditor whom he may have failed to pay according to the terms fixed by the compromise agreement. Dolsen v. Arnold, 10 How., 528; Penniman v. Elliott, 27 Barb., 315; Fellows v. Stevens, 24 Wend., 294, 302; Babcock v. Dill, 43 Barb., 577.
After this evidence had been given, and proof tending to establish the fact that the notes in suit were for part of the excess over the amount mentioned in the agreement, that instrument was offered in evidence, but it was objected to and excluded by the court, and the defendants’ counsel excepted to the ruling which the court then made. This exception was well taken. The instrument had been sufficiently proved to entitle it to be read in evidence in the case. It could not be rejected because of anything deposed *485 to by the witness in the bankrupt proceeding, even if his affidavit made there should be held to be in conflict with his testimony upon this trial. It was still for the jury to say whether he had testified truthfully in this case, and whether the facts to which his evidence was directed were satisfactorily established by it, and if they were the defendant was entitled to maintain his defense.
The objection to the authority of the president of the bank to • subscribe the composition is not tenable. The business was done at its banking office with the apparent approval of one of its directors, and through the agreement then made, expressed in part by the composition, the bank received those notes, and by endeavoring to collect them it has sanctioned the act of its officers in obtaining them. The law will not permit it to do that, and at the same time repudiate the obligation through which this end was secured. The judgment in the case should be reversed, and the verdict set aside, and a new trial ordered, with costs to abide the event.
Davis, P. J., and Brady, J., concur.