ARMSTRONG *v.* VAN DYKE.

JUDGMENT—EXECUTION—SECURITY—AGREEMENT TO WITHHOLD EXECUTION.

Where plaintiff recovered a judgment against defendants which they were unable to pay, and they deeded to his attorney two lots, receiving back a contract thereon, upon which they agreed to pay $100 a month until the judgment was paid, with the understanding that execution should not issue as long as the contract was in effect, and they defaulted in their payments, plaintiff had the right to terminate said contract, which was given as security merely, return to them all papers having reference thereto, and look to his judgment alone.

Error to Wayne; Webster (Clyde I.), J. Submitted May 1, 1924. (Docket No. 78.) Decided June 2, 1924.

Assumpsit by Joseph R. Armstrong against Frank G. Van Dyke and others. From an order denying a motion to quash a writ of execution, defendants bring error. Affirmed.

*Rockwell T. Gust,* for appellants.

*Wallace Visscher,* for appellee.

FELLOWS, J. On November 15, 1922, plaintiff recovered a judgment against defendants for substantially $1,350. Defendants being unable to pay the same in full entered into an agreement whereby they were to pay $500 in cash, deed to plaintiff's attorney two lots and enter into a contract to repurchase the same, paying at the rate of $100 per month until the judgment was paid. The deed was executed to Mr. Visscher but was not recorded. He in turn gave defendants a paper showing that he held the deed in trust, and defendants made their payments monthly until the judgment was substantially paid. They were indebted to plaintiff on another obligation of similar amount and July 9, 1923, plaintiff recovered another judgment against them for substantially the same amount. Defendants desired to renew the former arrangement but were able to pay but $100 cash on the second judgment; they were to pay the balance in monthly payments of $100; the contract was in the usual form of land contracts with the following inserted:

"The purpose of this contract is to carry out the terms of an agreement to settle by payment in full a judgment entered in the Wayne circuit court in favor of J. R. Armstrong against said parties of the second part, on July 9, 1923. First parties agree

that so long as this contract remains in force no execution shall be issued on said judgment."

Defendants did not meet their payments; they made and delivered to Mr. Visscher separate deeds of the lots with the name of the grantee left blank to facilitate their sale and he attempted personally and through real estate agents to sell the same; being unable so to do and defendants being in default he gave notice of the forfeiture of the contract; he also returned to the defendants all papers having reference to the deal; an execution was issued upon the judgment and defendants moved its recall. The defendants insist that the giving of the notice of forfeiture under all the circumstances operated as payment of the judgment or at least an election to proceed under the contract and prevented the issuance of the execution. Plaintiff insists that inasmuch as he had agreed not to issue execution so long as the contract was in force it was necessary to give the notice of forfeiture for the purpose of terminating the contract, and that in any event the transaction was but the giving of security for the payment of the judgment which was in full force all the while and that he had at all times the right to look to his judgment until it was in fact paid. The motion to recall the execution was denied in the court below.

The transaction here involved was clearly the giving of security for the payment of the judgment; it in no way satisfied the judgment which was at all times in full force. When the defendants breached their agreement to make monthly payments of $100 to be applied on the judgment plaintiff had the right to put an end to the security and look to his judgment alone. This he did by declaring the contract forfeited, returning all papers connected with it and issuing an execution. In *Chambers* v. *McDowell*, 4 Ga. 185, it was said:

"If the defendant is indulged on the execution against him, upon condition that he promptly pays the debt by instalments, and fails to fulfil the condition, he can take nothing under the agreement, because he has not fulfilled his part of it. He shall not profit by his laches. The parties are remitted to the position they at first occupied."

The order will be affirmed.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.